## REID v. REID.

**Divorce : SUBSEQUENT ACTION FOR SUPPORT OF CHILD : WHAT MUST BE SHOWN.** Where a decree of divorce has been granted, and the custody of a child awarded to plaintiff, and a judgment of a certain sum as alimony has been rendered in her favor, this is conclusive on the parties so long as the circumstances remain the same ; and a subsequent supplemental proceeding, or independent action, seeking to recover an additional sum for the support of the child, cannot be maintained without alleging such change in the circumstances of the parties as would make an additional order expedient. (See Code, sec. 2229.)

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

THE plaintiff in this action demands a judgment against the defendant for three hundred dollars. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*T. J. Trulock,* for appellant.

*W. B. Culbertson,* for appellee.

ROTHROCK, J.—It appears from the petition that the plaintiff and the defendant were formerly husband and wife, and that on the ninth day of December, 1886, they were divorced upon the complaint of the plaintiff, who was awarded the care and custody of their minor child, and a judgment of one hundred dollars as alimony. It is alleged that the plaintiff, at the time of the divorce, was broken down in health, and greatly impoverished; and that defendant is a strong, active, industrious man, and earns, in his business as a bridge-builder, from $1.75 to $4 a day; and that he does not and has not contributed anything to the support of the child; and that plaintiff is not able to earn a living for said child and herself.

The principal ground of the demurrer to the petition is that this is an action for alimony, and cannot be maintained without a showing that the circumstances of the parties have changed since the decree for divorce and judgment for alimony were rendered. It is to be observed that the petition is not presented to the court as supplemental to the original suit for divorce. It is upon its face an original proceeding to compel the defendant to support the child by awarding money to the plaintiff for that purpose. It is provided by section 2229 of the Code that, "when a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties, as shall be right and proper; subsequent changes may be made by the court in these respects when circumstances render them expedient." It must be conceded that the decree is an adjudication, unless there has been a change of the circumstances of the parties. In *Blythe v. Blythe*, 25 Iowa, 266, and *Wilde v. Wilde*, 36 Iowa, 319, it was held that the court granting the decree has no power to grant a new trial of the case, but only the power to adapt the decree to the new or changed circumstances of the parties. The district court held that the demand made by the plaintiff was in the nature of a demand for alimony. If this be correct, the order sustaining the demurrer to the petition was unquestionably correct; for, even if the

petition be regarded as a supplementary proceeding, as. it ought to be, there is no averment of a changed condition of the parties authorizing any proceeding whatever. But the plaintiff insists that this is not a suit for alimony ; that it is brought to compel the defendant to support the child. It may be that the defendant, as the parent of the child, is liable for necessaries furnished for its support. But, in the action for divorce, the questions as to the right of the plaintiff to alimony, the custody of the child, and the division of the property of the parties were all submitted to the court ; and we think it is very clear that the decree was an adjudication, as between these parties, of every question presented. If the plaintiff was by the decree burdened with the custody of the child, it was by her own choice, and she cannot demand a modification of the decree without showing that the circumstances of the parties have changed so as to require an additional allowance. We think the demurrer to the petition was properly sustained.

AFFIRMED.