[No. 3930.    Decided June 25, 1901.]

Mary Koontz, *Respondent,* v. R. A. Koontz, *Appellant.*

TRIAL — CROSS-EXAMINATION — INTERRUPTION BY COURT.

The interruption by the court of a cross-examination cannot be alleged as error, when there is no showing that the court refused to allow counsel to proceed therewith, or that exception was taken by counsel to the action of the court in that regard.

MODIFICATION OF JUDGMENT — PROCEDURE — WAIVER OF INFORMALITY.

Objection cannot be urged on appeal that an application for the modification of a judgment was made upon motion and affidavits, where the parties in effect treated the motion and affidavits of plaintiff as a petition for modification and defendant's affidavit as an answer thereto, and testimony was taken by both parties on the facts thus presented, without any objection being raised at the time.

DIVORCE — CUSTODY OF MINOR CHILD — MODIFICATION OF DECREE.

A court may modify its decree awarding the custody of an infant child, made in a divorce proceeding, although the time for appeal has expired, when it is shown that new circumstances and conditions have arisen which require a modified decree to meet the new conditions.

Appeal from Superior Court, Spokane County.—Hon. George W. Belt, Judge. Affirmed.

*Gleeson & Stayt,* for appellant.

*Merritt & Merritt,* for respondent.

The opinion of the court was delivered by

WHITE, J.—On February 21, 1900, the respondent filed her complaint for a divorce from the appellant. Subsequently the pleadings were settled, and the case was tried before Judge Godman, sitting for the trial of causes in Spokane county at the request of the resident judges of said court, and, after a trial extending over a period of six days, the presiding judge made his findings and rendered a decree in favor of respondent. Concerning the custody of Paul Newton Koontz, the minor child of plaintiff and defendant, the court made the following findings: "That both plaintiff and defendant are fit and proper persons to have the care and custody of said minor child." As a conclusion of law the trial court found as follows: "That both plaintiff and defendant are entitled to the care and custody of the minor child, Paul Newton Koontz, each for a reasonable portion of the time, to be fixed by the court in the decree, subject to modification on application of either party showing and establishing cause therefor." Concerning the care, custody, and control of said minor child, the decree of the trial court contained the following provisions: "That the care, custody, and control of the minor child, Paul Newton Koontz, be, and the same is hereby, awarded to the plaintiff, subject, however, to the right, which is hereby given the defendant, to have the care, custody, and control of said minor child from the tenth to the twentieth day of each month, inclusive, and in exercising said right he may remove and keep said child at his own home, returning the child to the home of the plaintiff at the expiration of the said period. It is further provided that, if said child should be sick, and by reason thereof it should be unsafe for said child to be taken from the care and custody of the mother, the defendant shall not be permitted to have said child, but

shall have the right to visit the said child at the home of the plaintiff or elsewhere, when said child shall be sick, at any time, whether within the aforesaid period or not; and if said child shall become sick while in the custody of the defendant, the defendant shall return him to the plaintiff, if the health of said child will permit;" that the defendant should not have the custody of the child except during the period provided for in the decree; and "that all the provisions herein as to the custody, care, and control are subject to modification." The above mentioned decree was filed July 3, 1900, and was not appealed from by either party thereto, and the parties acted under and in accordance with said decree until January, 1901, when the respondent herein filed a motion in said superior court, asking that the decree of the trial court be modified so that she be given the care, custody, and control of the minor child all the time, to the exclusion of appellant. With this motion were filed the affidavits of the respondent and H. W. Bonne and Dr. J. E. Bitner. A counter affidavit was filed by appellant, and upon said motion the cause proceeded to trial before the Honorable George W. Belt, judge of the equity department of said court. The affidavit of the respondent in part is as follows:

"That the said defendant, on the 10th day of July, 1900, under said order, took said child from the possession of this affiant and removed said child to the city of Spokane, for a period of ten days, and returned said child to this affiant on the 20th day of July, 1900; that on the 10th day of August, 1900, said defendant removed said child from the town of Sprague, from the possession of this affiant, to Spokane, and kept said child in said city for a period of ten days, and returned him to this affiant on the 20th day of said month; and that during the months of September, October and November, said defendant removed said child from the possession of this affiant, as aforesaid, for a period of ten days during each month.

Affiant further says that during each of the months above named, when the said defendant returned the said child to this affiant, he returned him in the middle of the night, namely, from 10 o'clock midnight to 4 o'clock in the morning; that trains were running regularly in the day time between Spokane and Sprague; and that defendant could and should have returned said child in the day time, but, instead thereof, he brought the said child from Spokane to Sprague as aforesaid, in the middle of the night; that the rest of said child was thereby broken, and the health of said child has thereby become impaired, so that on October 21, 1900, when the said defendant returned the said child to this affiant, the said child became sick from exposure and indigestion, and this affiant was compelled to and did employ Dr. Bitner, of Sprague, to attend professionally upon the said child, the said child being very sick from fever and indigestion; and affiant avers that said sickness was caused solely by reason of the fact of exposure and neglect to properly care for said child by said defendant, and because the said defendant had given the said child candy, nuts, Saratoga chips, and stuff of that kind, which did not agree with said child. Affiant further avers that the custody of said child being taken from this affiant, as aforesaid, renders the said child peevish, fretful, and is not good for the health of said child, and that the change of custody and of food is not beneficial to said child, but, on the other hand, is dangerous to the health of said child. Affiant further avers that the said child will be two and a half years old on the 24th day of December, 1900, and that if the said child is permitted to be taken backwards and forwards from the plaintiff to the defendant, to remain ten days with the defendant and twenty days with this affiant, that its manners and health will be impaired."

The affidavits of Bonne and Bitner were to the effect that the child became sick, Dr. Bitner affirming that the sickness was quite severe, from being overfed, or having eaten something which he could not digest, or from exposure in the night air, and that it was dangerous to the

health of the child to be taken from Sprague to the city of Spokane for a period of ten days during each month; that, if the practice is continued, the health of the child and the physical condition thereof will be greatly injured and impaired. The appellant filed an answering affidavit, denying the facts set up in respondent's affidavits. When the motion came on to be heard, appellant and respondent both being represented by attorneys, the court ruled that the application to modify the decree could not be heard on affidavits. The respondent then, by her attorneys, stated the grounds for her motion as follows: "The principal ground for the change of the decree is that it is detrimental to the child and detrimental to its health." Thereupon, without any objection on the part of the appellant, Mrs. Koontz was sworn and proceeded to give her testimony in support of the motion. She was cross-examined by appellant's attorney on all the facts testified to by her in chief. Her testimony tended to sustain the allegations in her affidavit and the grounds stated by her attorney for a change in the decree. Before appellant's attorney had formally announced that he had finished his cross-examination, the following took place:

"The Court: Mr. Craven, do you claim that Mrs. Koontz has been wanting in care, or has mistreated the child?

Mr. Craven: No, sir.

The Court: Let us admit, then, that Mr. Koontz has not mistreated the child. I don't think Mr. Koontz would do that; but in this case the court must consider the welfare of the child without regard to the wishes of the parents, and I think it is atrocious that a child of tender years, like this one, should be taken away from its mother 10 days in the month, or at all. Without intending any criticism on Judge Godman, I think the mother should have the constant care of a child of this age. I think the decree should be modified.

Mr. Buck: Do you think that, in spite of the fact that the other party, the father, or those with whom the chi..d is kept, where they are competent persons, and the child itself is equally satisfied with being there as anywhere else?

The Court: Yes, I am assuming that Mr. Koontz has not mistreated it while he had charge of it, and that he took reasonable care of it; but I have raised children enough myself to know that a child of this age should not be taken from its mother.

Mr. Buck: Suppose the mother is a very nervous person, and the child gets its nervousness from its mother—

The Court: I am assuming that Mrs. Koontz is a proper person to have the custody of the child.

Mr. Merritt: I will suggest this, that Judge Godman found that both of the parties were competent persons to have the care of the child.

The Court: I don't doubt that at all. If this child were older, then it would be a different question; but I think a child of this age should be with its mother. I would not deprive the father of visiting it at proper times.

Mr. Merritt: We have no objection for the order to provide for the father to visit the child at any time he desires, in the proper manner, and at proper hours.

The Court: I don't believe the child's health can be kept good in changing around like that every month. It is liable to injure it. When the child gets older, so it can be taken back, the decree can be modified again. I think at this time the mother should have it all the time.

Mr. Merritt: I will prepare an order and submit it."

Mr. Craven, counsel for the appellant, stated that the appellant did not want to be put in a position of consenting to a modification of the decree, and would, therefore, make no suggestion as to the privilege to be given the appellant to visit the child. The record then discloses the following:

"Mr. Merritt: I will put in the decree that you may visit the child at any time and place you may desire.

Mr. Buck: We don't want to be put in the position of consenting to that. We desire an exception to the ruling of the court."

This exception was the only one taken, and it was to the ruling of the court modifying the decree. The decree was modified as follows:

"That the care, custody, and control of the minor child, Paul Newton Koontz, be, and the same is hereby, awarded to the plaintiff, subject, however, to the right, which is hereby given the defendant, to visit said child at the home of the plaintiff at any and all proper times, and under any and all proper circumstances."

There is nothing in the record to show that the court refused to permit counsel for appellant to proceed with the cross-examination of respondent. Even if the interruption of the court can be construed as such refusal, there was no exception taken. Appellant's counsel did not ask or attempt to continue the cross-examination of the respondent. The appellant did not present any witness or offer any testimony in his own behalf. He did not claim that respondent was an unfit person to have the child, but expressly admitted that she was not wanting in care, and had not mistreated the child. *The health of the child was the moving consideration for the change in the decree.* It had been demonstrated to the court that the order made in the first instance should not be adhered to, because the child had become sick, and the evidence tended to show that the frequent changes caused the sickness. In presenting the case to the court, the better practice would have been to have set forth the reasons in the motion, or to have filed with it a petition stating the facts relied upon for a change in the original decree, and on this issues might have been joined. The parties themselves have treated the motion and affidavits of respondent and the reply affidavit of appellant as such petition and answer thereto, and testimony has been taken on the facts thus presented, and appellant should not now be heard to complain as to the informal manner in which the facts were

presented to the court, especially as he made no objection to hearing the motion on its merits by oral testimony.

It is claimed by the appellant that the court erred in modifying its own judgment after the time of appeal had expired. The appellant states the law correctly in his brief when he says that, "a decree of the superior court, which determines the custody of infant children, from which no appeal has been taken, is conclusive upon the court which rendered the decree and upon all other courts, in the absence of a material change in the condition and fitness of the parties, *or the requirements for the welfare of the child."* *Dubois v. Johnson,* 96 Ind. 6. When the decree was rendered the court did not know, and it was not foreseen, that the frequent changes in the custody of the child would affect its health and disposition. When this fact was shown by *subsequent* events, it was the duty of the court, in the interest of the child, to change its decree. The case of *Reid v. Reid,* 74 Iowa, 681 (39 N. W. 102), cited by appellant, holds that the decree is *res adjudicata* as to all matters before the court, and can be modified only upon a showing of *new circumstances and conditions* which require a modified decree to meet the new conditions. The new circumstance and condition in this case was the changed condition in the health of the child, which arose after the original decree, and could not have been foreseen.

We think the court below, under these circumstances, exercised a wise discretion in the interest of the child in changing the decree. For that reason the judgment of the court is affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, ANDERS and HADLEY, JJ., concur.

MOUNT, J., not sitting.