[No. 6580.    Decided March 12, 1907.]

GEORGE C. CHAPPELL, *Respondent*, v. EDNA E. CHAPPELL, *Appellant*.[1]

EVIDENCE—PAROL—CONTRADICTING RECORD—DIVORCE—CUSTODY OF CHILD. Upon application for modification of a decree of divorce awarding the custody of a child to plaintiff, evidence of the defendant's understanding that a stipulation made at the time provided for a different disposition is inadmissible, where the record in the divorce case shows that the findings were made "from the evidence adduced" and not from a stipulation, as it would contradict the record.

DIVORCE—CUSTODY OF CHILD—MODIFICATION OF DECREE. An order of the trial court refusing to change the custody of a child awarded to plaintiff by a decree of divorce, but modifying the same to permit visits, will not be disturbed on appeal where it does not clearly appear that the best interests of the child were not served by such modification.

Appeal from an order of the superior court for Whatcom county, Griffin, J., entered August 28, 1906, denying the application of the defendant for the custody of a child awarded to the plaintiff. Affirmed.

*Bugge & Swartz,* for appellant.
*Crites & Romaine,* for respondent.

HADLEY, C. J.—On April 13, 1906, the plaintiff in this cause was granted a divorce from the defendant. The court

[1]Reported in 89 Pac. 166.

found that the plaintiff had established by the evidence that the defendant had been guilty of such cruel treatment as entitled the plaintiff to a divorce. The decree provided for the disposition of the property interests of the parties and for the custody of the children of the marriage. There are two children, little girls, and at the time of the divorce they were aged, respectively, about four and two years. By the decree the plaintiff, the father, was given the custody of the older child, and the defendant, the mother, was awarded the care of the younger child. These awards were each made specifically subject to the further order of the court. It was also provided that each of the parties shall have the privilege of visiting the child awarded to the other party at all proper times and places. On July 31, 1906, the defendant, by petition, asked the court for a modification of the decree with respect to the custody of the older child, to the effect that she should be given to the care of the mother. After hearing testimony at length, the court declined to modify the order to the extent asked by the defendant, but did modify it by providing that the custody of the older child should be changed from the plaintiff to the defendant for the period of two months from the date of the order, which was entered August 27, 1906; that the plaintiff should have reasonable opportunity to visit the child during said time at reasonable hours; that at the expiration of said period of two months the defendant should return the child to the custody of the plaintiff; that thereafter the plaintiff shall, once in each six weeks, take the child to its mother and leave it with her for a period of twenty-four hours; that at the expiration of each of such twenty-four-hour periods the mother shall return the child to the father's custody, unless the father otherwise directs. The father was also required to pay the mother $10 per month during the two months the child should remain with its mother. From this order modifying the original decree, the defendant has appealed.

Appellant first assigns as error that the court sustained an objection to certain offered testimony concerning appellant's understanding of a stipulation made at the time the divorce cause was tried. The stipulation referred, among other things, to the custody of the children, and she claims that she was informed by her then counsel that it provided for the custody until such time only as she could provide a home of her own, at which time she could procure the custody of the older child. The objection was properly sustained. The only purpose it could have served would have been to establish that the court's findings in the divorce case were based upon the stipulation and not upon the evidence. Inasmuch as the testimony would have directly disputed the record, it was not proper. The record of the divorce case shows that the court made its findings "from the evidence adduced," and not upon a stipulation of the parties.

It is next urged that the court erred in refusing to modify the decree of divorce so as to give the custody of both children to the mother. After a thorough reading of all the evidence submitted at the hearing upon the petition to modify, we think we should not disturb the court's order. It relates to the present custody of the children, and is subject to further modification upon a showing which satisfies the court that conditions may have changed so as to make a change proper in the best interest of either or both of the children. We are not satisfied that such a showing has been made at this time. The trial court saw these people and their witnesses. The same judge who heard the divorce case afterwards heard the application for the modification of the decree, and even after this second hearing the mind of the court was still impressed with the belief that the disposition of the children as provided in the decree was substantially correct. It is true, it is not usual to take the custody of such small children from the mother, but it will be remembered that the younger one—two years of age—was left with the mother. The evidence before us shows that the older one, who was left

with the father, is provided with a good home with her grand-parents, the parents of her father. The evidence submitted at the divorce hearing, which is not before us, was still fresh in the mind of the court at the time the last order was made. It is easy to understand that the court may have seen good reasons why a child of two years of age should be left for the time being with its mother from whom the father had been granted a divorce, and it is not improbable that it may have seen equally good reasons why one of four years of age should be placed elsewhere.

It is also assigned that the court erred in making the order of modification which it did make. Respondent joins appellant in this, and consents that the order may be vacated. We shall, however, not disturb the modification. Upon further reflection the court doubtless concluded that the child should be taken to her mother as often as once in every six weeks. While a visit of twenty-four hours may seem short, yet, as it is repeated every six weeks, it may be reasonable under all the circumstances. We believe the trial court, after two hearings from these parties, has carefully tried to serve the best interests of the children; and inasmuch as there is no evidence before us which satisfies us that there is a better way, the judgment is affirmed.

RUDKIN, FULLERTON, CROW, ROOT, MOUNT, and DUNBAR, JJ., concur.