[No. 6768. Decided August 1, 1907.]

REBECCA VIOLA CURTIS, *Respondent*, v. FRANK M. CURTIS et al., *Appellants.*[1]

DIVORCE—CUSTODY OF CHILD—MODIFICATION OF DECREE—EVIDENCE —SUFFICIENCY. Upon application of a mother for modification of a decree of divorce awarding the custody of a child to a stranger, to which she had consented owing to her then poor health, proof that she is now able to provide for the child authorizes the court to award her its custody without any showing that the welfare of the child demands the change.

SAME—FITNESS OF MOTHER. Upon application of a mother for modification of a decree of divorce, to gain possession of a child, specific acts which occurred long before her marriage, and then known to her husband, are not sufficient to show her unfitness to have custody of the child.

SAME—CONSENT TO DECREE—EFFECT—MODIFICATION. A stipulation in a divorce case as to the custody of a child amounts to no more than evidence, and does not estop the party from subsequently moving for a modification of the decree.

[1]Reported in 91 Pac. 188.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 3, 1907, upon findings in favor of the plaintiff, modifying a decree of divorce and awarding to a mother the custody of a minor child. Affirmed.

*Hathaway & Alston,* for appellants.

*J. Y. Kennedy,* for respondent.

FULLERTON, J.—On May 24, 1906, in an action pending in the superior court of Snohomish county, between the respondent and the appellant Frank M. Curtis, for a divorce, the court entered a decree divorcing the parties and awarding the care and custody of their minor son, then of the age of four and one-half years, to the appellant Clara Maltby, further decreeing that the appellant Curtis pay to Mrs. Maltby the sum of $15 per month for the maintenance of the child. On October 23 thereafter, the respondent petitioned the court for a modification of the decree to the effect that the child be taken from the custody of Mrs. Maltby and awarded to her, alleging as grounds therefor that the appellant Maltby and her husband were then engaged in running a hotel at Marysville, Washington, connected with which was a saloon which could be entered by a door opening therein from various parts of the hotel; that much drinking and carousing occurred in the saloon, which could be witnessed by the boy by merely opening one of the doors leading to the saloon, and further, that the boy was permitted to mingle promiscuously with the guests of the hotel and the patrons of the saloon. She further alleged, that at the time of the decree, she was much broken in health, owing to the cruel treatment of her husband, and consented to the decree awarding the child to Mrs. Maltby without fully understanding the effect of the same, believing that it was but temporary and that a hearing would be had before a final decree would be made relating to the permanent custody of the child. She also alleged that

she was earning lucrative wages as a cook, and by doing domestic and laundry work in the town of Index, Washington, was capable of caring for and educating the child. The appellants put in issue the allegations of the petition by answer, and a trial was had on the merits of the controversy. The trial court held that the respondent was entitled to the custody of the child, and modified the decree accordingly.

The respondent offered no evidence whatever in support of her allegation that the appellant Maltby was subjecting the child to improper influences, nor did she show or attempt to show that the child was not receiving due and proper care. She confined her proofs to the allegation that she, herself, by reason of her change in health, was then able to support and educate the child and was a proper and fit person to have its care and custody.

It is the appellant's contention that this showing is not sufficient; that the respondent should have shown not only her own changed condition, but that the welfare of the child demanded a change in its custodian before the court was authorized to modify the original decree. But the rule is not so broad as this. It is true, this court said in *Koontz v. Koontz*, 25 Wash. 336, 65 Pac. 546, that a decree of the superior court which determines the custody of infant children is conclusive upon the court which rendered the decree, and upon all other courts, in the absence of a material change in the condition and fitness of the parties, or the requirements for the welfare of the child, but it did not mean by this that both these conditions had to occur before a change in the decree would be made. While the welfare of the child is, in all cases where the court is clothed with power of its disposition, the primary consideration, yet it is not the policy of the law to take children away from their parents and give them to strangers merely because the strangers are better provided financially to rear and educate them than are the parents. Parents are their children's natural protectors. They have an interest in them that is not shaken by acts of disobedience or ingratitude,

and because of this interest children under their parents' immediate care, even though their surroundings be humble and their opportunities narrow, are much more apt to grow up useful men and women than they are when reared by strangers who do not have this natural affection for them. When, therefore, the parents are able to care for their children, it is the policy of the law to award their custody to them rather than to the custody of strangers.

The appellants further urge, however, that the wife is unfit morally to have the custody of the child. But we do not think the evidence establishes this fact. The specific acts of immorality charged against her, even admitting that they are proven, occurred in her earlier years long before her marriage to the appellant Curtis or the birth of the child, and were known, moreover, by him at the time of such marriage. Surely he should not be permitted to urge these as a reason for depriving her of her offspring. Nor do we think Mrs. Maltby can urge the matter. The mother's right to the child must depend on her present conduct, and we find nothing in the evidence that impugns her character for morality and decency occurring since her marriage with the appellant.

It is contended that because the respondent stipulated in the divorce that the child should be awarded to Mrs. Maltby that she cannot now question the decree. We do not think, however, that this fact has any bearing upon her right to now seek its modification. A stipulation in an action ordinarily merely takes the place of evidence. It was so here, and the decree founded thereon no more estops the parties from seeking its modification than would a decree founded upon evidence of a different character.

The order appealed from is affirmed.

HADLEY, C. J., CROW, MOUNT, and ROOT, JJ., concur.