[No. 7490.   Decided January 4, 1909.]

INEZ GOERIG (*now* INEZ HARNED), *Appellant*, v.
LAURENCE H. GEORIG, *Respondent*.[1]

DIVORCE—CUSTODY OF MINOR CHILD.   The modification of a di-
vorce decree respecting the custody of a child, whereby the same is
awarded to the father during the school period of the year, and to
the mother during vacation, will not be disturbed on appeal upon
conflicting evidence, where neither parent appears to be an improper
person to have such custody, and the order appears the most fitting
that could be made.

Appeals from an order of the superior court for King
county, Frater, J., entered February 4, 1908, modifying a
judgment respecting the custody of the minor child of the
parties.   Affirmed.

*Gay, Bailey & Rummens*, for appellant.

*Aust & Terhune*, for respondent.

FULLERTON, J.—The respondent and appellant were for-
merly husband and wife, at which time there was born to
them a girl child, who is the subject of this controversy.
The parties were divorced by a decree of the superior court
of King county, entered on February 17, 1905.   At that
time the child was in her seventh year, and her custody
was awarded to one O. R. Oliver, a brother of the mother,
to be placed by him in the House of the Good Shepherd,
in the city of Seattle, there to be reared and educated at
the expense of the father.   On March 16, 1906, there was
a modification of this decree to the extent that the place for
keeping the child was changed, and the parents were allowed
to take the child to their respective homes for brief periods
of time.   This is an application by the father for a further
modification of the decree respecting the custody of the
child.   He asks that he be awarded its sole care and custody,

[1]Reported in 98 Pac. 742.

averring as grounds therefor his own fitness to have its care and custody, the unfitness of the mother, and that the present mode of keeping the child entails upon him a large and needless expense.

The mother answered, denying the allegation of the respondent's petition, and filed a cross-petition in which she asked that the custody of the child be awarded to her. A reply was filed denying the allegations of the cross-petition, and on these issues a hearing was had, which resulted in a further modification of the decree to the effect that the child be awarded to the father during the school season of the year, and to the mother during the vacation period. Both parties ask to have the decree modified.

At the hearing the evidence was allowed to take a wide range. The conduct of each party, as viewed through the eyes of the other and through the eyes of that other's partisans and friends, was exposed and laid bare before the court. The story thus unfolded is not an edifying one, and it would serve no useful purpose to enter upon its review in this opinion; but we do not think, even were we to accept all of these evidently exaggerated tales as strictly true, that either parent has established that the other is an unfit person to have the custody of this offspring of their unfortunate union. The evidence makes it plain that this method of caring for the child, that the constant association brought about by the necessity of carrying the child from the one home to the other, is uncongenial to the parties, but it is a situation they have brought upon themselves, and by themselves it must be borne. Should the order, in the future, when carried out in its intent and spirit, prove detrimental to the child, or should it prove that either of the parents refuses to accept the situation as it is, or refuses to act in good faith towards the other, and that such conduct affects the welfare of the child, then the court will be justified in taking it entirely from the one that is most blamable and

give its sole custody to the other. But as we view the record now, we think that the order as it stands is the most fitting that could have been made, and we direct that it be affirmed.

CROW, MOUNT, and DUNBAR, JJ., concur.