[No. 7664.  Decided April 28, 1909.]

RACHEL I. PIERCE, *Respondent,* v. R. J. PIERCE,
*Appellant.*[1]

DIVORCE—JUDGMENT—MODIFICATION—DILIGENCE IN APPLYING—CUS-
TODY OF CHILDREN—FITNESS OF PARTIES.  Allegations as to unfitness
of the wife to have the custody of children by reason of immoral
acts prior to the trial of the divorce case, unknown to the husband
at that time, are properly struck from a petition to modify a decree
of divorce as to such custody, where the only showing of diligence
was the bare allegation that the husband was unable by the exercise
of reasonable diligence to procure any evidence of the matters, and
he had delayed for two years in applying for modification of the
decree.

SAME.  The right of a divorced party to the custody of children
must depend upon present moral conduct and the welfare of the
children; not upon past delinquencies.

APPEAL—RECORD.  Where the evidence is not brought up, it will
be presumed to support the findings.

APPEAL—REVIEW—BURDEN OF SHOWING ERROR.  Error in striking
part of a pleading will not be presumed, and is cured by receiving
evidence on the point.

APPEAL—RECORD—DIVORCE—CUSTODY OF CHILDREN.  Error cannot
be predicated upon awarding the custody of children without provid-
ing that they may be visited by a parent, wnere the evidence is not
brought up on appeal.

Appeal from an order of the superior court for Spokane
county, Huneke, J., entered December 3, 1907, denying an
application to modify a decree of divorce as to the custody
of children, after a hearing on the merits.  Affirmed.

*Warren W. Tolman* and *Berkey & Cowan,* for appellant.

*Danson & Williams,* for respondent.

MOUNT, J.—This appeal is from an order denying the
appellant's petition to modify a decree of divorce, which
awarded the respondent the care and custody of two minor
children.  On March 30, 1905, a decree was entered in the

[1]Reported in 101 Pac. 358.

superior court of Whitman county, divorcing the appellant and the respondent and awarding to respondent the sole custody of the two minor children, Roy Elliott Pierce and John Edgar Pierce. Thereafter, in July, 1905, a motion was filed for the modification of the decree in regard to the custody of the children. This motion was denied upon the ground, among others, that the appellant was then in contempt of court, having spirited the children out of the jurisdiction of the court. See, *Beatty v. Davenport*, 45 Wash. 555, 88 Pac. 1109, 122 Am. St. 937.

Subsequently, in July, 1907, the appellant filed a petition to modify the decree as to the custody of the children, and the cause was removed to Spokane county. This petition alleged that the respondent was not a fit person to have the custody of the children, and, among other things, alleged certain specified acts of immorality as having occurred from the year 1901 to the year 1904, inclusive, and prior to the trial of the divorce case. The petition alleged that, at the time of the trial of the divorce case, the petitioner was ignorant of the facts, and was unable by the exercise of reasonable diligence to learn the same or procure any evidence thereof. The court upon motion struck these allegations from the petition. The allegations of the petition were then denied by the respondent, and after a trial the court found that the respondent was a fit and proper person to have the care and custody of the children, and thereupon denied the petition.

The appellant assigns three errors, viz., that the court erred (1) in striking the paragraph mentioned from the petition; (2) in not receiving evidence to sustain such allegations; and (3) in not making provision for appellant to see or visit the children.

We think the court did not err in striking the paragraph mentioned; for, if the general rule is that facts which could have been discovered with reasonable diligence before the trial may afterwards be shown to modify a decree with reference to the custody of the children, still there must be some

showing of diligence or excuse for negligence after the trial. This petition was not filed until more than two years after the trial. It alleged acts which occurred, if at all, from one to four years before the trial. We think this delay is not excused by a mere allegation that "your petitioner was unable by the exercise of reasonable diligence to procure any evidence whatsoever of the matters above related."

Furthermore, the court found that the respondent is a suitable and proper person to have the control and custody, and that it is to the interest of the children that the mother continue to have their sole care and custody, and that since said divorce the mother has been a kind and affectionate mother to the children, has at all times ministered to their wants, and has properly kept and provided for them. In cases of this kind, the primary object to be attained is the welfare of the children. "To this object the claim and personal desires of the parents, and even the wishes of the children, must yield." *Kane v. Miller*, 40 Wash. 125, 82 Pac. 177. "The mother's right to the child must depend upon her present conduct." *Curtis v. Curtis*, 46 Wash. 664, 91 Pac. 188. There is nothing in the record to show that the mother's conduct has not been the very best since she was divorced from the appellant. The evidence taken at the trial is not brought here. We must assume, therefore, that the findings of the court are proper, and that the best interests of the children require that the mother "should continue to have their sole care and custody."

Upon the second point, the appellant states in his brief that no evidence was received to cure the error made by striking the allegations of immorality before the divorce decree. Respondent states that the court did receive and consider evidence offered by appellant to sustain the allegations which were stricken. Of course, if evidence was received, the error, if any was committed by striking the paragraph referred to, was cured. *Jamieson & McFarland v. Heim*, 43 Wash. 153, 86 Pac. 165. Error will not be presumed; it

must affirmatively appear from the record.    *Carpenter v. Barry,* 26 Wash. 255, 66 Pac. 393.    In any event, we have seen above that the court did not err in striking the allegation.    It follows that it was not error to refuse evidence to the same effect, even if evidence was not received.

It is lastly contended that the court erred in not making provision for the appellant to see or visit his children.    This contention must necessarily rest upon the evidence, which is not here.    There is nothing before us, therefore, from which we may determine this question.    But from the record in *Beatty v. Davenport, supra,* which involved these same children, we may readily understand why the court refused to make a provision of that kind.

We find no error in the record, and the judgment is therefore affirmed.

RUDKIN, C. J., CROW, FULLERTON, and DUNBAR, JJ., concur.

CHADWICK, GOSE, MORRIS, and PARKER, JJ., took no part.