R. T. SPAIN, Appellant, v. VERONA T. SPAIN, Appellee.

DIVORCE: Alimony—Modification of Decree—Power of Court. The
1    court has no inherent power to modify a decree of divorce as regards alimony—no power to so modify except for such fraud or mistake as would justify a modification or change of *any* judgment.

DIVORCE: Support of Children—Modification of Decree. A decree
2, 5 of divorce awarding the custody of children, but with no allowance for their support, may be so subsequently modified, on a showing of change of conditions, as to provide for such allowance to the one having such custody. Evidence reviewed, and *held* excessive.

DIVORCE: Alimony—Modification of Decree—Fraud. Evidence re-
3    viewed, and held insufficient to show that all reference to alimony for the wife was omitted from the decree of divorce in her favor by reason of the fraud of the husband.

DIVORCE: Alimony—Silence of Decree—Subsequent Modification.
4    A decree of divorce, *silent as to any alimony for the successful party,* cannot thereafter be so modified as to provide for alimony, even on a showing of change in financial condition.

DIVORCE: Support of Children—Modification of Decree.
2, 5

*Appeal from Polk District Court.*—HUGH BRENNAN, Judge.

THURSDAY, JUNE 29, 1916.

APPEAL from a modification of a decree of divorce.— *Modified* and *Remanded.*

*Mulvaney & Mulvaney,* for appellant.

*Sullivan & Sullivan,* for appellee.

DEEMER, J.—On January 3d, 1907, defendant herein was awarded a decree of divorce from her husband, R. T. Spain, the plaintiff herein. Defendant was also given the care, custody and control of her minor child, Fielder Spain. No mention was made of alimony, and defendant now says that the omission was due to plaintiff's promise to contribute to the support of both herself and child, and a request of defendant's not to have the matter included in the decree. As a matter of fact, we are convinced that, at that time, plaintiff had no property. He was practically bankrupt, although he had some faculties which would enable him to at least earn a living—he being a physician and surgeon. Plaintiff was soon remarried and by this wife had a child, which is now 5 or 6 years old. He is living with and supporting his family at the little town of Conrad, and his gross earnings at the time of the trial of this proceeding were approximately $3,500 per year. He had purchased a lot in the town, upon which he had made payments amounting to $200—$84 of the principal remaining unpaid—and owned an automobile, which he used in his business, and had some office supplies. He was in debt to the amount of $2,500 or $3,000 for an automobile, office supplies and living expenses. His bank account was overdrawn $233. His office expense was something like $1,600 per year. This was his financial condition when this proceeding was had. It was also admitted that he was expecting to receive about $4,500, by inheritance from his father's estate, which was then in process of administration, and in the same connection it was admitted that his son by his first wife, who was then in her care, custody and control, would receive the sum of $1,000 from the same estate. The first wife inherited about $7,000 from a relative, and, during her marriage to Dr. Spain, she advanced or gave him money amounting to approximately $750 or $1,250. At the time she obtained her decree of divorce, she had approximately $6,000 left of this inheritance, and her husband had nothing except his earnings, and was largely in debt, so much so that about that time

he went into bankruptcy, and had to start anew when he married his second wife. Then it was that he went to the town of Conrad to build up a practice, with the results already indicated. The original divorce decree made no mention of any alimony, and the wife admits that, at that time, her then husband had nothing except his profession to rely upon. She says, however, that she abstained from making any claim thereto because of his promise to support her and her child, which was given into her custody. After the divorce was granted, the first wife moved to Chicago and there attempted to make a living for herself and child, doing the best she could toward the support and education of her progeny. She became ill, had to undergo a surgical operation, and her money has all been expended, save $1,500 or $1,800, which is drawing six per cent interest.

She made the application for a modification of the original divorce decree as to alimony because of the changed condition of her former husband's financial affairs, asking for an allowance both for herself and for the support of her child, claiming that the court had inherent power to modify the former decree, and also asserting that the statute, Code Section 3180, expressly authorizes such a proceeding. That statute reads as follows:

1. DIVORCE: alimony: modification of decree: power of court.

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient."

We shall first consider the inherent right of the court to entertain such a proceeding. At common law and under ecclesiastical procedure, courts did entertain such an action as this, but this was because there was no such thing as an absolute divorce known to either law. The divorce was from bed and board, and was little more than a legalized separation. The duty of the divorced husband to support his wife

continued after the divorce was granted, and these courts recognized the right to enforce this obligation by changing the original decree or order to meet new conditions; so that, if the divorced husband thereafter acquired property in any manner, even through inheritance, the court opened the matter of alimony and modified its original order to meet the new conditions. In such proceedings, both the needs of the former wife and the ability of the former husband were considered, on application to modify the decree. *O'Hagan v. O'Hagan,* 4 Iowa 509; *DeBlaquire v. DeBlaquire,* 3 Hag. Ec. 322; *Lockridge v. Lockridge,* 2 B. Mon. (Ky.) 258; *Rees v. Rees,* 3 Phillim. 387; Poynter on Marriage & Divorce (1836) *255, Note p. In this country, and especially in this state, a divorce absolutely dissolves the marriage status, and the duty of support no longer exists. Alimony is allowed in such cases in lieu of dower and prior duty to support, and there can be no review of the decree awarding it or refusing, denying, or failing to award it, save for such fraud or mistake as would authorize the setting aside or modification of any decree. This is the holding of the best considered cases in this country. See *Kamp v. Kamp,* 59 N. Y. 212; *Kerr v. Kerr,* 59 How. Pr. (N. Y.) 255; *Stratton v. Stratton,* 73 Me. 481; *Sammis v. Medbury,* 14 R. I. 214; *Sampson v. Sampson,* 16 R. I. 456 (16 Atl. 711); *Mitchell v. Mitchell,* 20 Kans. 665; *Mildeberger v. Mildeberger,* 12 Daly (N. Y.) 195, and *O'Hagan* case, supra. It is true that some courts, failing to recognize the distinction which we have pointed out, have held that there may be a modification of the original decree to meet changed conditions, and give support to such an application as was here made. *McGee v. McGee,* 10 Ga. 477; *Olney v. Watts* (Ohio), 3 N. E. 354; *Rogers v. Vines,* 6 Ired. (N. C.) 293; *Ellis v. Ellis,* 13 Neb. 91. This last case, however, was bottomed, in part at least, on the fact that the first decree was erroneous and should be set aside, but the court did refer to its power to change, even had there been no error in the original decree. We are convinced

that the better rule, the one supported by logic and by the great weight of authority, is the one first stated by us.

As to the statute which we have quoted, it will be observed that it is somewhat broad in its terms, and seems to cover all allowances of alimony, of whatever kind. It will be noticed that it says subsequent changes may be made in these respects, when the circumstances render them expedient. Several questions arise under this statute:

2. DIVORCE: support of children: modification of decree.

1. May changes be made when no order is made with reference thereto in the original decree?

2. May such changes be made in all cases where alimony is awarded in the original decree?

3. May they be made in some cases and not in others, depending upon the nature of the decree, and

4. May they be made when the change sought to be made is for the support or maintenance of a child, the custody of which is awarded, say, to the wife, the divorced husband being under a legal obligation to support his child, notwithstanding the divorce from his wife?

Some of these questions have been mooted, but not expressly decided, in former opinions of this court. Upon one proposition, however, we have expressed ourselves, substantially to the effect that such an application as this, in so far as it relates to a modification or change of the original decree, or to an original application for an order for the care and support of a minor child, is not, strictly speaking, a modification of a decree as to alimony, but, rather, an application or proceeding to compel a father to support his child even after a decree of divorce has been granted to his wife. See *Ostheimer v. Ostheimer,* 125 Iowa 523. The reason for this decision was that the divorce did not relieve the father of his obligation to support his minor children.

Before referring more at length to the propositions stated, it is well to note that the applicant has not sufficiently proved

any fraud on the part of her husband, or any promise on his part which relieved her of the necessity of obtaining an allowance of alimony in the original case. The statement said to have been made by him, to the effect that if she, the wife, would not ask for alimony, he would support her and the child, whereas if she did, she could not get any, and that he would never contribute a cent, is denied by the husband. From the record, it appears that nothing would or could have been awarded in the original decree by way of alimony, save, perhaps, to the extent of his then "faculties," which were practically nil. The wife at that time had some $6,000 or $7,000, and he had nothing. He was bankrupt, and his practice at that time was not more than sufficient to provide a bare living. On these facts, no permanent alimony would have been awarded, save, perhaps, a small allowance based upon the husband's ability to earn money, and this, doubtless, would have been for the care and support of the child, for the wife was the only one of the two having any visible means. So that there was no allowance for alimony in the original decree, and none could well have been awarded the wife for her support and maintenance or in lieu of dower, for the husband had nothing which was dowable.

3. **Divorce: alimony: modification of decree: fraud.**

Now the statute says that subsequent changes may be made in the allowance for alimony, and the first thought is: May there be an entirely new provision as to alimony for her, due to a change in her divorced husband's affairs, there being no provision in the original decree with respect thereto? This question was mooted, but not decided, in *Blythe v. Blythe*, 25 Iowa 266; and, in that case, an order allowing temporary alimony to a divorced wife was reversed. In *Wilde v. Wilde*, 36 Iowa 319, this same thought is expressed, but the court also said:

4. **Divorce: alimony: silence of decree: subsequent modification.**

"An action for alimony cannot be maintained as an independent proceeding after a divorce of the parties. The rela-

tion of husband and wife must exist to justify a judgment for an allowance of this character to the wife.''

Something is also said in that opinion regarding an allowance to a divorced wife for the support of a minor child. In *Rouse v. Rouse*, 47 Iowa 422, a divorced wife was denied alimony under conditions quite similar to those existing here, the court remarking:

''The court below held the decree to be valid; from this ruling there is no appeal. What we determine is that, conceding the divorce to be valid, there is not sufficient evidence of fraud or improper conduct upon the part of appellant to authorize a modification as to the alimony.''

In *Van Orsdal v. Van Orsdal*, 67 Iowa 35, a divorced wife was denied additional alimony, the court saying:

''Counsel for appellee insist that, notwithstanding the Nebraska divorce is valid, yet the plaintiff may be awarded alimony in this state out of property found here. Conceding this to be true and applicable in a certain class of cases, we feel sure that the rule cannot apply to the case at bar. The divorce was granted, as has been said, in May, 1880. In November, 1881, the defendant's father died in this state, possessed of certain property, which the defendant inherited. Now, while it may be that the plaintiff might be entitled to alimony if the defendant had owned property in the state at the time the divorce was procured in Nebraska, she cannot be so entitled because he has subsequently acquired property. The plaintiff, if entitled to alimony, was so entitled at the time the divorce was granted. The relation of husband and wife then ceased, and neither party is entitled to any share of or interest in property which may be subsequently acquired.''

In *Reid v. Reid*, 74 Iowa 681, a modification of a decree for alimony was denied, the court remarking:

''But the plaintiff insists that this is not a suit for alimony; that it is brought to compel the defendant to support the child. It may be that the defendant, as the parent of the

child, is liable for necessaries furnished for its support. But, in the action for divorce, the question as to the right of the plaintiff to alimony, the custody of the child, and the division of the property of the parties were all submitted to the court; and we think it is very clear that the decree was an adjudication, as between these parties, of every question presented. If the plaintiff was by the decree burdened with the custody of the child, it was by her own choice, and she cannot demand a modification of the decree without showing that the circumstances of the parties have changed so as to require an additional allowance. We think the demurrer to the petition was properly sustained.''

In the *Ostheimer* case, to which we have already referred, the court said:

''Upon the general proposition argued by counsel as to the power of the court to grant new and additional alimony to a divorced wife after a final decree fixing the amount of such relief, we have to say that, whatever may be the extent of such power, the courts will be slow to exercise it, save in cases where, by reason of changes which could not reasonably have been anticipated in the relative circumstances of the parties, the propriety and equity of the demand are established beyond reasonable question. But the same reasons for hesitation and reluctance do not arise where the divorced wife is carrying the burden of the support of the children born of the marriage which has been dissolved. An allowance made against the former husband under such circumstances is not, strictly speaking, alimony to the wife, but a contribution to the support of the children—an obligation from which he has never been released.''

In *Graves v. Graves*, 132 Iowa 199, 206, we said:

''Plaintiff's appeal presents the question as to the right and duty of the trial court to modify the original decree as to alimony without another trial of that issue. She relies upon Section 3180 of the Code, which provides in substance that the

court awarding a divorce decree may make such subsequent changes in relation to the property, parties, and maintenance of the parties as the circumstances may warrant, or as are deemed expedient.   In construing this statute, the uniform holding has been to the effect that, as the original decree is conclusive upon the parties, upon the facts and circumstances then existing or which might have been proved, no change will be made therein save where there has been a change in the circumstances of the parties after the decree is rendered. *Blythe v. Blythe,* 25 Iowa 266; *Wilde v. Wilde,* 36 Iowa 319; *Reid v. Reid,* 74 Iowa 681; *Ferguson v. Ferguson,* 111 Iowa 158.   Plaintiff contends that this rule was modified in the recent case of *Crockett v. Crockett,* 132 Iowa 388.  But this is not correct, as an examination of that opinion will disclose. There may be a suggestion in that case that, where the care and custody of a child is concerned, its interests and welfare should be paramount, but there was no thought in that case of modifying the rules of previous cases with reference to property rights. . . .  There is no testimony of any change in plaintiff's condition since the original trial, and there is no evidence of any substantial change in defendant's condition, save that, perhaps, he has $250 more than he had when the divorce was granted.  As a new trial was ordered of the main case upon the question of alimony, it would not only be useless, but confusing, to modify a decree which has no existence, and to make a change in that supposed award because defendant had acquired $250 since the original decree was rendered.  We are of opinion that the trial court was not justified in modifying the decree as asked by plaintiff upon the record here presented.''

See also, *Lindquist v. Lindquist,* 148 Iowa 259, where a decree was modified to the extent of providing for the support of minor children.  It is doubtless true that, where an allowance is made in the original decree for maintenance of the

wife, this is subject to change on account of changed conditions. See *Fisher v. Fisher*, 32 Iowa 20; *Andrews v. Andrews*, 15 Iowa 423. But here there was no allowance for the maintenance of the wife, and she was not entitled to one at the time the original decree was entered. If her former husband had not had an inheritance from his father, doubtless this proceeding would not have been brought. None of the cases heretofore cited as denying the right to subsequent changes are exactly in point, although the plain implications from the opinions are that a divorced wife is not entitled to a change in the provision of the original decree, either denying or awarding alimony in lieu of dower or for her support. And it is expressly decided that in no event will such a change be made, even for the support of a minor child, without proof of a substantial change in the condition of the parties. This is the rule under the statute relied upon. It is well settled that, if a wife asks alimony in a divorce action and none is awarded, the effect of it is the same as if the decree had expressly denied it, and it is an adjudication binding upon the parties. *Howell v. Howell*, 104 Cal. 45 (37 Pac. 770); *Kamp v. Kamp*, 59 N. Y. 212; *Erkenbrach v. Erkenbrach*, 96 N. Y. 456; *Jordan v. Jordan*, 53 Mich. 550; *Romaine v. Chauncey*, 129 N. Y. 566, 571. And it is generally held that, in such cases, the decree cannot be modified by allowing alimony. See cases just cited, and particularly *Howell's* case. In that case it is said:

"Of course, when we speak of a 'final judgment,' we mean one which does not upon its face reserve jurisdiction (when that can be done) to make a supplemental decree, in which case it is not final. In the case at bar there was no such reservation. It was final in form and substance. And there is no statutory provision giving jurisdiction to make the order appealed from. Section 137, Civ. Code, provides that 'while an action for divorce is pending' the court may require the husband to pay, as alimony, money necessary to enable the wife to support herself and children, and prosecute or defend

the action. Section 139 provides that, where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children, and make a suitable allowance for the support of the wife, and that 'the court may from time to time modify its orders in these respects.' But the latter section clearly contemplates that the right to alimony, as well as other financial and property rights, shall have been presented and litigated in the action for divorce, and established by the judgment; and the provision is that, where the right to alimony has been thus established, the amount may be changed by a modification of the order. But in the case at bar there was nothing to 'modify.' After the judgment granting the divorce the plaintiff was no longer the wife of the defendant, and he owed her no longer any marital duty. From that time she could enforce against him no obligation not imposed by the court at the time of the judgment. In the case at bar the judgment became final without any award of alimony, and of course the court could not afterwards 'modify' what never existed. In Stewart on Marriage and Divorce (Section 366), the authorities are correctly summed up in this language: 'When the court has allowed the suit to be dismissed, or has finally entered the decree, it has no further jurisdiction over the parties or the subject-matter, except so far as this is reserved by itself or by statute.' And in Section 376, the author further says: 'But a decree of divorce *a vinculo* is final, and the jurisdiction of the court over the parties is, after the expiration of the term, at an end; and just as there can be no grant of alimony after such a divorce, so there can be no change in the award of alimony, unless the right to make such a change is reserved by the court in its decree, as it may be, or is given by statute, as it often is.' See, also, *Kamp v. Kamp*, 59 N. Y. 212. In the cases cited by respondent the right to alimony had been established in the final decree, or the disposition of the question of alimony had been expressly reserved for further consideration. Our conclusion is that the court below had no

jurisdiction to make the order appealed from, and that the
demurrer to the petition should have been sustained. It is
not necessary here to determine what order the court might
make 'after judgment' under Section 138 of the Civil Code,
with respect to the 'custody, care and education of the chil-
dren of the marriage.' The order under review is for alimony
for the wife, and for her support, and its character is not
changed by the mention of the children.''

We are of opinion that, as the trial court, in the original
decree, in effect denied the wife any allowance for support
even because of the husband's faculties, and refused to allow
her alimony, she cannot now have that decree modified so as
to give her support from her former husband, even if he has
acquired some property, by inheritance or otherwise. She was
not entitled to any alimony at the time her case was decided,
and from the time of that decree he was under no obligation
to support her, because she was no longer his wife. He has
taken unto himself another, and she is entitled to her support
and to her dower. The former wife relinquished her right
to future support when she failed to have it awarded in the
original decree, and no such obligation exists independent of
some decree. As there was no such decree, there is nothing
to modify. Had there been a provision for future mainte-
nance, then either might have had a modification thereof upon
a change in conditions and some equitable reason given for
either enlarging or reducing it. The decree granted the wife
relieved the husband from supporting her in the future, and
this decree is binding and not subject to revision. In this
respect, the case differs from one where an allowance for
future maintenance has been made, because in the latter case
the duty has been cast on the former husband. This, we think,
is the proper construction of the statute now under considera-
tion as applied to the maintenance of the wife after divorce.
As to an award in gross, or a division of the property, based
upon an equitable apportionment of the property of either of

the parties at the time the divorce is granted, we have no occasion to speak, for that matter is not in the case.

We are also of opinion, however, that the husband's duty was a continuous one to support his child, and that the application, in so far as it involves an award to the wife for that purpose, was not, strictly, for an award of alimony, but for the support of the child, and that to this extent, under our former cases, it should have been allowed. The allowance made by the trial court, as alimony and for support, was as follows:

5. DIVORCE: support of children: modification of decree.

"That the plaintiff be ordered and directed to pay the defendant the sum of $2,000, and judgment in the sum of $2,000, and the costs of this suit, taxed at $...., is hereby entered in favor of the defendant and against the plaintiff, payable $30 per month, beginning on January 1, 1915, and payable on the first day of each month thereafter to the clerk of the district court of Polk County, Iowa, for the use and benefit of the defendant and her minor child, Fielder Spain, and that, if said payments are made promptly according to the provisions of this order, then no execution shall issue therefor, but should any of said monthly payments not be made promptly as provided herein, then execution shall issue for the full sum of $2,000, or any sum remaining due and unpaid, less whatever monthly payments have been made."

This could not be sustained in any event, because it was too drastic in character. See *Schlarb v. Schlarb*, 168 Iowa 364. As we view the case, no allowance should have been made for the support of the former wife; but we think there should have been one to the wife for the future support of the child. In our opinion, this should have been that the husband, R. T. Spain, should pay to Verona T. Spain the sum of $10 per month, from the date of the decree entered upon this application, for the support of the minor child, Fielder Spain, during the life of said child or until he reaches 21 years of age; that judgment be entered accordingly, with

a right to an execution at any time for unpaid installments, and that the decree should itself reserve jurisdiction to change this allowance by cutting it off entirely or by adding to or subtracting from it, as changed conditions may arise, and, as modified, the case will be affirmed and the cause remanded for a decree in harmony with this opinion.—*Modified* and *Remanded.*

EVANS, C. J., GAYNOR and PRESTON, JJ., concur.