[No. 17781. Department Two. February 14, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Pauline Fent et al., Plaintiff,* v. EVERETT SMITH, *as Judge of the Superior Court for King County, Respondent.*[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL—DIVORCE—MODIFICATION OF DECREE. Certiorari does not lie to review an order modifying a divorce decree as to the custody of a child, where, under the facts, there is a plain, speedy and adequate remedy by appeal under Rem. Comp. Stat., § 1716.

Application filed in the supreme court January 12, 1923, for a writ of certiorari to review an order of the superior court for King county, Smith, J., modifying a decree respecting the custody of a child. Denied.

*W. F. Hays,* for relators.

PEMBERTON, J.—This is a petition for writ of review directed to respondent to review an order transferring the custody of a minor child from the possession of its grandmother, Roma Nilsson, to that of its father, George Fent. It appears from the record that, after a trial and findings in the case of Pauline Fent, Plaintiff, v. George Fent, Defendant, a decree of divorce was entered on May 16, 1921, transferring the custody of Eugene Fent, the infant child of plaintiff and defendant, to Roma Nilsson, the grandmother of the plaintiff; that thereafter, on or about the 16th day of August, 1922, George Fent applied to the superior court asking that the decree be modified and the custody of the minor child be changed; that the petition of defendant came on for hearing before the Honorable Everett Smith, respondent herein, and after testimony had been offered, findings of fact and conclu·

[1]Reported in 212 Pac. 1055.

sions of law were entered and the custody of the child was changed and given to its father, George Fent.

The respondent has filed a return and demurrer to the petition herein. It is contended by petitioners: (1) that the petitioners have no right of appeal; (2) that an appeal would not be a plain, speedy and adequate remedy at law, and therefore no remedy in contemplation of law.

It is the law of this state that certiorari only lies where "there is no appeal," or where in the judgment of the court there is no plain, speedy and adequate remedy at law. (Rem. Comp. Stat., § 1002.)

We find that a large number of similar cases involving the modification of decrees changing the custody of children have been heard upon appeal. *Koontz v. Koontz,* 25 Wash. 336, 65 Pac. 546; *Irving v. Irving,* 26 Wash. 122, 66 Pac. 123; *Chappell v. Chappell,* 45 Wash. 652, 89 Pac. 166; *Curtis v. Curtis,* 46 Wash. 664, 91 Pac. ·188; *Goerig v. Goerig,* 51 Wash. 333, 98 Pac. 742; *Pierce v. Pierce,* 52 Wash. 679, 101 Pac. 358; *Harris v. Harris,* 71 Wash. 307, 128 Pac. 673; *White v. Mc-Dowell,* 74 Wash. 44, 132 Pac. 734; *Beers v. Beers,* 74 Wash. ·458, 133 Pac. 605; *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698. Petitioners cite no authority to the contrary.

An order modifying a decree changing the custody of a minor child is appealable under Rem. Comp. Stat., § 1716, subds. 6-7. In considering the facts in the petition, we find that there is a plain, speedy and adequate remedy at law, and the writ must be denied.

MAIN, C. J.; FULLERTON, PARKER, and TOLMAN, JJ., concur.