[No. 365.   Decided November 19, 1891.]

MILLIE KENTZLER, *Repondent,* v. JOSEPH KENTZLER. *Appellant.*

EVIDENCE—FOREIGN JUDGMENT—CUSTODY OF MINOR CHILDREN.

Where there is no showing that the record of a decree in a court of another state has been lost or destroyed, the loss of a certified copy thereof which plaintiff had obtained will not warrant the admission of parol proof to show the nature and contents of the decree.

In an action of *habeas corpus* for the possession of minor children brought by the mother against the father, based upon an alleged decree of divorce in another state awarding the custody of the children to her, where it appears from the evidence that the father is the more suitable person to have the care and custody of the children, being better prepared to rear and educate them, and that the mother is unsuited morally to have the control of the children, and is financially unable to care for them, a decree giving the mother the custody of the children is erroneous.

*Appeal from Superior Court, King County.*

The facts in this case are stated in the opinion.

*Andrew F. Burleigh,* for appellant:

It has never been questioned that a properly authenticated copy is the only evidence admissible of a foreign judgment.   *McRae v. Stokes,* 3 Ala. 401; 37 Am. Dec. 698; *Settle v. Alison,* 8 Ga. 201; 52 Am. Dec. 393; *Slaughter v. Cunningham,* 24 Ala. 260; 60 Am. Dec. 463; *Clark v. Depew,* 25 Pa. St. 509; 64 Am. Dec. 717; *Taylor v. Barron,* 30 N. H. 78; 64 Am. Dec. 281.   Freeman on Judgments, § 577.

*John Fairfield,* and *John W. Kolb,* for respondent:

As the present and future welfare of the infant is the leading consideration, the court will exercise its discretion in attaining that end by sometimes giving the custody to a third person other than parents. *Brinster v. Compton,* 68 Ala. 299; *Gibbs v. Brown,* 68 Ga. 803; *Wand v. Wand,* 14 Cal. 512; *State v. Baird,* 18 N. J. Eq. 194; *Bullen's Petition,* 28 Kan. 781; *Corrie v. Corrie,* 42 Mich. 509; *Dumain v. Gwynne,* 10 Allen 270; Bish., Marriage, etc., § 1161. The father's right to his minor children may be forfeited by misconduct. *United States v. Green,* 3 Mason, 482; *Case of Waldron,* 13 Johns. 418; *Gishwiler Dodez,* 4 Ohio St. 615; Schouler, Dom. Rel. 248; *Fields v. Fields,* 2 Wash. 441; *McChan v. McChan,* 56 Miss. 413.

The opinion of the court was delivered by

Scott, J.—This proceeding was instituted in the superior court of King county, this state, by the respondent, Millie Kentzler, who, in August, 1890, filed against the appellant, Joseph Kentzler, her petition for a writ of *habeas corpus,* to obtain possession of two minor children. The parties had been married at Miles City, Montana, on the 10th day of July, 1883. The aforesaid Millie Kentzler claimed, and grounded her petition upon that claim, to have obtained a decree of divorce from said Joseph Kentzler, in the courts of Montana, at Helena, on the 27th day of December, 1889, and that by said decree the custody of the children of the marriage had been awarded to her, and that the appellant had wrongfully kidnaped and carried away two of the children. The appellant, in answer, denied all knowledge of any divorce having been obtained, except as he had been informed by Millie Kentzler herself; alleged that he had received no notice of the pendency of any such proceeding, and had not been present

at the trial either in person or by his attorney, and claimed that the respondent was unable to and did not provide for the support of the children, but that she herself was an object of charity, while he was fully able and ready to provide for them, and closed with charging respondent, and her mother, who were living together when he took the children away, with being loose in their morals, and totally unfitted to have the care and rearing of children.

On these issues the parties went to trial. The only evidence offered was the testimoney of the respective parties, and some letters written by the respondent to the appellant. In the course of the respondent's testimony she testified that she had lost the certified copy of the decree of divorce, which she had obtained, and after diligent search had been unable to find it. On this basis parol evidence was offered to prove the decree. Counsel for the appellant objected to the admission of such testimony as being incompetent, and that the only evidence admissible to prove such judgment was a certified copy of the record. The court overruled this objection, and in overruling it said:

" I shall admit the evidence, and I will allow the defense to offer evidence showing what is best for the present welfare of the children, and I will allow evidence to be offered independent of the record of the Montana court."

Whereupon counsel for respondent objected to the introduction of any evidence other than that which related to the record of the Montana court, which was also overruled. He now claims that the court was justified in awarding the children to the custody of the respondent upon the testimony introduced as to the fitness of the parties. It seems, however, that the finding was not based upon this testimony, from what the court said, which appears in the statement of facts, and is as follows:

" *The court:* There are two facts in this case which seem to me to be established without doubt; one is that

the petitioner, Mrs. Kentzler, was divorced from Joseph Kentzler, in Montana, in December last, and awarded the custody of the children; the other that Joseph Kentzler went to Montana and took these children away from their mother without any right and brought them to Washington. Upon all the other points there is a direct conflict of testimony, and I am unable to tell which one to believe; I therefore order that these children, Charles and Laura Kentzler, be returned to the custody of their mother, Millie Kentzler. This case should be determined in Montana."

The objection made to the proof offered of the judgment of the Montana court ought to have been sustained. There was no claim or showing that the record itself was lost or destroyed so that a certified copy thereof could not be obtained, and under such circumstances the mere loss of the certified copy which the respondent had obtained would not warrant the admission of the proof introduced. Sec. 905 of the Revised Statutes has provided a way in which judgments rendered by courts of record in one state may be proved in another. Sec. 430 of our 1881 code has dispensed with the requirement that the judge shall certify the attestation to be in due form, but it does not provide for proof in any other manner than by a certified copy. In the absence of a statute, an existing record of a judgment of a court of record of another state could only be proved by the production of the record itself, or by a copy properly authenticated. See 1 Greenleaf on Evidence (14th ed.), §§ 501 and 505. This is the rule also as to the proof of judgments of inferior courts where the course is to record them, and this will be presumed until the contrary is shown; the record or an authenticated copy is the only competent evidence. Sec. 513; *Owings v. Hull*, 9 Pet. 607; Freeman on Judgments, § 577.

But it appears from the testimony introduced relating to the fitness of the respective parties as to having the care and custody of the children, that the appellant is the more

suitable person therefor.   The children being only four
and six years of age, respectively, when this proceeding was
commenced, are too young to be given any voice in the mat-
ter.   The foundation of the respondent's case in this particu-
lar was the cruel treatment of herself by the appellant, which
she testified to and which he disputed. ‸ Her testimony
showed that she had no property with which to support
herself or the children, or any other means of support than
by her personal labor, and that she could not earn to ex-
ceed fifteen dollars a month in that way; that she had ap-
plied to the appellant at various times after obtaining the
divorce for money, and that he had sent her some.   Several
letters were introduced in evidence by the appellant, which
the respondent admitted in her testimony that she wrote
to him during this time, which weakened her case very
much.   From these and her testimony it appeared that
she was very needy and in poor health and that she had
been assisted by a charitable institution at least upon one
occasion while she had the children.   Also, that the chair-
man of the board of county commissioners furnished her
with a ticket to Seattle, and gave her some money.   It ap-
peared that she and her mother lived together a part of
the time, and her own testimony and these letters went far
to show that they were both unsuited morally to have the
control of the children.   She did not attempt seriously to
maintain that the appellant was cruel in his treatment of
the children, and she testified that he had always been a
hardworking, industrious man, and that he neither drank
nor gambled.   His testimony, which was undisputed in this
particular, showed that he was earning about one hundred
dollars a month; that he was able to take care of the chil-
dren and to give them a suitable education, and that he
desired to have them.   Their welfare is the only thing to
be considered in this matter, and we think from the proof
that they would be much better off under his control.

Reversing the judgment of the lower court, we remand the case, and direct that the children be given to the custody of the appellant; neither party to recover costs.

ANDERS, C. J., and STILES, HOYT and DUNBAR, JJ., concur.