# SAMUEL C. WEST, Respondent, v. LAURA WEST, Appellant.

### St. Louis Court of Appeals, May 27, 1902.

**Divorce:** CUSTODY OF CHILD: CHANGE OF CUSTODY: STATU-
TORY CONSTRUCTION: PRACTICE, TRIAL. Revised Statutes
1899, section 2932, provides that there may be a review of an order
or judgment touching the care, custody and maintenance of child-
ren: *Held,* that a change in the judgment, in so far as relating to
the care and custody of a child, could only be made on proof of new
facts; but when it appeared that a child given into the custody of his
mother was surrounded by corrupting influences, the court could
change the decree and award the custody to the father, notwith-
standing that the same influences had surrounded the child at the
time the decree was made, when the child was too young at the
time to be corrupted, but since then it had become of sufficient age
to be influenced.

Appeal from Lawrence Circuit Court.—*Hon. Henry C.
Pepper,* Judge.

AFFIRMED.

*William B. Skinner* for appellant.

(1) "No petition for review of any judgment for divorce,
rendered in any case arising under this chapter, shall be al-
lowed, any law or statute to the contrary notwithstanding; but
there may be a review of any order or judgment touching the
alimony and maintenance of the wife and the care, custody
and maintenance of the children, or any of them, as in other
cases." R. S. 1899, sec. 2932. (2) Where a decree of di-
vorce is granted a defendant on her cross-bill, and she is
awarded the care and custody of an infant child, born of her

marriage with the plaintiff, and the plaintiff files no motion for a new trial within the time prescribed by law, nor appeals from such judgment during the term at which it is rendered, the question of proper custody of such infant child becomes *res adjudicata;* and the statutory authority to alter or modify such decree as to the custody of such infant child can only be exercised upon new facts occurring after the trial. Deidesheimer v. Deidesheimer, 74 Mo. App. 234, and authorities cited.

*Fielding P. Sizer* for respondent.

(1) This action is one for the care, custody and control of an infant child. The leading principle and guiding star which is to control the court in its action, will be to consult the good of the child rather than the gratification of the parents, and the court will exercise its discretion, looking, under all circumstances, to the child's temporal interests and welfare, which is the paramount consideration. Lusk v. Lusk, 28 Mo. 91; In re Doyle, 16 Mo. App. 159; In re Delano, 37 Mo. App. 185, and cases there cited. (2) This should remain the settled doctrine of the courts in cases of this character, regardless of the fact that appellant was divorced from respondent on her cross-bill. (3) Section 2932, Revised Statutes 1899, is authority for the action of the trial court in reviewing its order made at a former term, touching the care, custody and control of the infant child.

BLAND, P. J.—At the August term, 1900, of the Lawrence Circuit Court, Laura West obtained a decree of divorce on her cross-bill against Sam West, her husband. In the decree the custody of their minor child, Charles A. West, was awarded to the mother. On January 12, 1902, Sam West filed, in the office of the clerk of the said circuit court, his petition asking that the custody of the child be taken from its mother and awarded to him.

The substance of the petition is that Laura West had committed adultery with one Langston and one Alexander, before the separation, and that the respondent did not obtain knowledge of these facts until after the adjournment of the court at which the decree of divorce was rendered. That Laura West, with the child, made her home with her mother, Mrs. Cox; that Mrs. Cox and all the members of her family were immoral and of a bad reputation, and that the character of appellant for chastity was bad.

At the February term, 1902, the parties appeared in person and by counsel and evidence was heard on the petition. For the respondent it tended to prove that the reputation of appellant for chastity was bad and had been bad both before and after her marriage with respondent, and that respondent knew of her reputation when he married her; that the reputation of one of Mrs. Cox's sons, who was a member of her family, was bad; that he was a drinking man. In respect to Mrs. Cox, the evidence showed that some of her neighbors had a suspicion that her character was loose, but nothing whatever was shown derogatory of her character. The character of Charles Cox, one of the other members of the family, was not shown to be bad. The evidence failed to show that appellant had sustained criminal relations with either Langston or Alexander, or with any other person whomsoever, either before or after her separation from her husband.

It is further shown by the evidence that after respondent was informed of the reported criminal relations between appellant and Langston and Alexander, he industriously circulated the stories among the neighbors and thereby contributed very largely to establish the bad reputation of appellant.

Respondent proved a good reputation for himself and for his brother and his brother's wife, with whom he had arranged to keep the child should he succeed in getting its custody.

The cross-bill, on which appellant obtained her decree of divorce, for cause alleged cruel and barbarous treatment re-

ceived at the hands of her husband, which allegations the court found to be true. It was shown on the hearing of the divorce suit that appellant proved a good character.

None of the other evidence heard on that trial is in the record now before us. The court granted the prayer of respondent's petition and changed the custody of the child from the mother to the father. It is contended by appellant that no new facts were shown and that for this reason the circuit court had no power to modify its former decree by changing the custody of the child from its mother to its father.

The decree in the divorce suit was not appealed from and is final and conclusive between the parties as to all matters adjudicated by it, one of which was that the mother was the innocent and injured party and entitled to the custody of the child. By virtue of the statute, however (section 2932, R. S. 1899), the decree, in respect to the custody of the child, may be changed at a subsequent term. Such change, however, is not within the mere discretion of the court, but can only be made on proof of new facts which, when considered with the old facts, show that the good of the child requires the change to be made. Without the new facts the court is powerless to make the change. Bishop on M., D. and S., section 1188; Deidesheimer v. Deidesheimer, 74 Mo. App. 234.

In respect to the mother and the inmates of the home of herself and child, there has been no change since the decree giving the mother the custody of the child. ' The child was then surrounded by bad and corrupting influences and the same bad influences still environ it. However, at the time the decree was entered, the child was too young to be corrupted or impressed by those influences. It is older now, its powers of observation and susceptibility to influences have developed, and it is of an age when it may be fairly presumed that it will be influenced for bad by its surroundings. As to the child, then, there has been a very important change of circumstances since the decree was entered. This change of fact

taken into consideration with the old facts authorized the trial court to change its custody from the mother to the father. Valentine v. Valentine, 4 Hals. Ch. 219; 2 Bishop on M., D. and S., section 1198.

The evidence is that the father has provided a home for the child with his brother and family—a family of reputable people able and willing to provide for the child and take care of it.

In divorce and habeas corpus proceedings, when the custody of a child is the subject of controversy, "the guiding star for the court to follow is the good of the child." That the trial court followed this guidance we are fully persuaded by the evidence and affirm the judgment. *Barclay* and *Goode, JJ.,* concur.