[No. 5698. Decided September 13, 1905.]

Ida Kane *(formerly Ida Miller), Appellant,* v. G. N.
Miller, *Respondent.*[1]

Divorce—Action to Modify Decree—Custody of Children—Welfare Paramount Consideration—Condition of Parents—School Advantages—Wishes of Children—Evidence—Sufficiency. The custody of minor children being determined by considerations as to their welfare, rather than the claims of the parties, it is error to enforce a decree of divorce requiring the mother to relinquish to the father the custody of two boys after they attain the age of ten years, where it appears that both parties have remarried, that the mother is permanently located near the best of schools, which they attend, has no other children and is able to and does give them the best of care and attention; while the father has no permannt location, is much away from home, has another child, and took no steps for several years to secure their custody when entitled thereto, and discontinued contributing to their support; especially where both children are attached to the mother and prefer to remain with her.

Same—Conclusiveness of Decree in Absence of Appeal—Award Not Final—Change in Conditions. A decree of divorce unappealed from, awarding the custody of children to one of the parties, is not final, if the award was subject to the further order of the court; nor is it final where the conditions of both parties have been changed by remarriage and other conditions affecting the welfare of the children.

Appeal by the plaintiff from a judgment of the superior court for Walla Walla county, Brents, J., entered March 24, 1905, modifying a decree of divorce, after a hearing before the court without a jury, upon the application of the defendant for the custody of the children. Reversed.

*Sharpstein & Sharpstein,* for appellant.
*Brooks & Bartlett,* for respondent.

Mount, C. J.—This proceeding was brought in the lower court to modify a decree of divorce relating to the custody of two minor children of the parties. Upon the hearing,

1Reported in 82 Pac. 177.

the decree was modified so as to give the custody of the children to the father, until August 25, 1905; then to the mother until February 1, 1906; and then to the father until the further order of the court. The mother appeals from that order.

The facts, as shown by the record, are in substance as follows: On October 2, 1900, the superior court of Walla Walla county granted a decree of divorce to the appellant, divorcing her from the respondent on the ground of cruelty. At that time, the two little boys, the fruits of the marriage, were seven, and eight and one-half, years old, respectively. In the decree the court made the following order:

"And it is now here further considered and ordered by the court that the plaintiff have, and she is hereby awarded, the custody, guardianship, and management of Edmund Clarence Miller, who was born on the 14th day of April, 1892, and Ferdinand Victor Miller, who was born on the 10th day of September, 1893, the minor children of said plaintiff and defendant, until they respectively attain the age of ten years, or until the making of an order in the meantime relative thereto, and that the said defendant have, and is hereby awarded, the custody, guardianship, and management of such children thereafter until the further order of the court in the premises."

The decree also required the respondent to pay to the appellant $20 per month for the support of the children until they should arrive at the age of ten years. Soon after the date of this decree of divorce, the appellant took the children to Seattle, where she had property interests, and where she has since resided with them. The respondent also made his headquarters in Seattle, a considerable part of the time thereafter. On May 17, 1902, the respondent was again married. He now has one child, an infant daughter, by his second wife. On May 29, 1903, the appellant was married to a man by the name of Kane. She has no children by her second marriage. The older boy became ten years

of age on April 14, 1902, and the younger, on September 10, 1903.

After the boys became ten years of age, they were left with the mother. The father refused to make any provision for them after that time. The father, however, testified on the hearing in this proceeding that he demanded the custody of the older boy about the time he became ten. years of age, but that his demand was refused. He took no steps, however, to secure the custody of either of the boys after that time, until this hearing. The evidence shows conclusively, that the mother is a proper person to have their care and custody; that she is amply able to support and educate the boys; that she has kept them in school in Seattle continuously, where they have been good students and well behaved; that she has clothed them well, and carefully looked after their comforts; that they have been regular attendants at Sunday school—in short, the training and care and comforts of the boys have been all that a devoted mother could give them. They are strongly attached to their mother and stepfather, both of whom reciprocate the attachment.

At the time of this hearing, in March, 1905, the boys were aged eleven and a half, and nearly thirteen, respectively. They are apparently bright and thoughtful boys, and both stated upon the witness stand that they desired to be with their mother. They also stated that their mother had taught them to think well of their father, and that they did so. The respondent is a civil engineer by profession. His work takes him from place to place, so that up to the time of this hearing he had no fixed permanent abode. The evidence shows that he is competent and suitable to have their care and control. His present wife, when asked if she would be willing to give the boys the same care and attention that she would her own child, answered: "Yes, I should be very happy to take them and give them all the care I can. The boys are so old now that they would be mostly under their father's control." Upon these facts, which we think cover

the substance of the evidence, the lower court modified the original decree, as follows:

"It is hereby by the court ordered that the defendant have the custody, management, and control of said minor children until the 25th day of August, 1905, unless otherwise ordered by the court, and that the defendant on said date deliver to the plaintiff at her residence in the city of Seattle, county of King, the said children, if she be then ready to receive them. It is further ordered by the court that the plaintiff have the care, custody, and control of said minor children from the 25th day of August, 1905, until the 1st day of February, 1906, . . . and that defendant have the custody, management, and control of said children from that date until the further order of the court."

The order then provided that the defendant give a bond in the sum of $5,000, conditioned that he would comply with each order of the court made, and to be made, herein. The effect of this order was to modify the original decree to the extent of giving the mother the custody of the children from August 25, 1905, to February 1, 1906. The modification made no other change in respect to the custody of the children except that it required a bond from the husband.

In determining the custody of these minor children, the primary object to be attained is their welfare. To this object, the claim and personal desires of the parents, and even the wishes of the children, must yield, especially if such desires or wishes are opposed to that object. 14 Cyc. 805, and cases cited; 9 Am. & Eng. Ency. Law (2d ed.), 867, 868; 2 Bishop, Marriage, Div. & Sepa., § 1161; *Kentzler v. Kentzler,* 3 Wash. 166, 28 Pac. 370, 28 Am. St. 21; *Umlauf v. Umlauf,* 128 Ill. 378, 21 N. E. 600.

With this rule in mind, and conceding that both the father and the mother are situated equally, so far as their ability to care for the children, and so far as their love and desires for the company of the children are concerned, we still think, under the circumstances surrounding this case, that

the welfare of these two boys demands that they should be left indefinitely with the mother. She has a fixed and per-manent abode in the immediate vicinity of schools and churches unsurpassed in the state. She has a comfortable and happy home, and no other children with whom to divide her care. Her husband is attached to the boys and they reciprocate that attachment. With their natural mother, under the conditions shown by the evidence, the home in-fluences and surroundings are very fortunate.

On the other hand, the abode of the father is not fixed and permanent. He must go from place to place in the pursuit of his occupation. If the boys follow with their father, their school advantages must necessarily suffer. They are at an age now when neglect or disadvantage in the matter of their education must be a serious consideration. The order ap-pealed from removes these boys from their school in the midst of the school year. The stepmother has one child of her own, which naturally, in its infancy and subsequent years, must receive its mother's first care and consideration. She could not be to these boys what their own natural mother will be. It is true, the stepfather, even though he loves and cares for the boys, cannot be to them as their own father; but naturally the company, comfort, and advice of the mother is of greater value for good than that of the father. All other things being equal, this fact is a potent one to turn the scale in favor of the mother. When we consider the other advantages, above referred to, in favor of the mother, and in addition thereto the desires of the boys themselves, who are old enough to know their own minds in the matter, and whose wishes may be consulted where the rights and capabilities of the parties are evenly balanced (14 Cyc. 808f, and cases cited), we have no doubt, and do not hesitate to say, that the welfare of these boys places them with the mother.

9—40 WASH.

Respondent invokes the rule that "a decree of the superior court which determines the custody of infant children, from which no appeal has been taken, is conclusive upon the court which rendered the decree, and upon all other courts, in the absence of a material change in the condition and fitness of the parties, *or the requirements for the welfare of the child.*" *Koontz v. Koontz,* 25 Wash. 336, 65 Pac. 546; *Irving v. Irving,* 26 Wash. 122, 66 Pac. 123. This rule is probably not applicable to this case as to the conclusiveness of the decree, because here the award of the custody was not final, but was subject to the orders of the court.

Conceding, however, that the original order was final and that the rule as stated does apply, there has been in this case a material change in the condition and fitness of the parties and requirements for the welfare of the children, since October, 1900, when the decree was rendered. The conditions of both father and mother have been changed. Both have remarried since the original decree. The mother has, under the evidence, improved her condition, in that she is better able to provide for the boys now than formerly; her home life is more secure and stable, and more congenial. The father's condition is also improved, bcause he now has a wife to look after the home life of the boys. The evidence, however, discloses the fact that his home is not congenial to the boys, and this fact fully offsets whatever there is in his improved condition. We think the advantage in the condition and fitness in this case is almost wholly in favor of the mother. For these reasons, and others which we have not found it necessary to discuss, we are satisfied that the original order in reference to the care and custody of the boys should be modified so as to award them to the mother indefinitely.

The cause is therefore remanded to the lower court, with directions to award the care and custody of the children named to the mother from and after August 25, 1905, with

such provisions toward their maintenance, and for visits by the father, as the lower court may deem necessary.

Crow, Root, Rudkin, Fullerton, Hadley, and Dunbar, JJ., concur.