[No. 6091.   Decided August 1, 1906.]

IDA KANE (*formerly Ida Miller*), *Appellant*, v. G. N. MILLER, *Respondent*.[1]

APPEAL—EXCEPTIONS—REVIEW—DECISION—REMAND.   In the absence of a bill of exceptions or statement of facts the supreme court cannot review the action of the trial court in denying an application by the mother for provision for the support of children, awarded to her upon an appeal to the supreme court, by which appeal the cause had been remanded with directions to the lower court to make such provision as it deemed necessary, with other discretionary powers.

APPEAL—DECISION—MANDATE—COMPLIANCE.   An order of the trial court after remand, awarding the custody of children after a certain date "until the further order of the court," is not a disobedience to a mandate from the supreme court directing the awarding of such custody from and after a certain date.

Appeal from an order of the superior court for Walla Walla county, Brents, J., entered December 1, 1905, in favor of the defendant, after a hearing on the merits, denying an application for an allowance for the support of children of divorced parents.   Affirmed.

*M. Francis Kane* (*Jas. B. Reavis,* of counsel), for appellant.

*Brooks & Bartlett,* for respondent.

ROOT, J.—On the 13th day of September 1905, this court rendered an opinion in this cause which contained the following directions:

"The cause is therefore remanded to the lower court, with directions to award the care and custody of the children named to the mother from and after August 25, 1905, with such provisions toward their maintenance, and for visits by their father, as the lower court may deem necessary." *Kane v. Miller,* 40 Wash. 125, 82 Pac. 177.

After the remittitur had gone from this to the superior court, an application was made by appellant for an order directing

[1]Reported in 86 Pac. 568.

and requiring respondent to pay plaintiff a reasonable and proper sum for the past support of the minor children, and for their future support, maintenance, and education, and for an order awarding the care and custody of said children to appellant from and after August 25, 1905. Said application for both past and future support was denied, and an order made awarding appellant the care, custody, control, and education of said minor children "From and after the 25th day of August, A. D. 1905, until the further order of this court." From the order denying allowances and awarding the children "until the further order of this court" this appeal is taken.

The record before us does not show whether appellant's application was made by a motion or otherwise. There is no statement of facts or bill of exceptions in the record. We are consequently unable to know what the court had before it or upon what it based its order. If the mandate set forth in our opinion as above quoted had left no discretion with the trial court, and it appeared that its order was a refusal to act as directed, we might take action to afford relief; but in the matter of the allowances and the arrangement for seeing the children, certain discretion was allowed the trial court, and in the absence of a statement of facts or bill of exceptions, we cannot say that said court was guilty of an abuse of discretion.

It is urged that our opinion required the trial court to award the custody of the minor children to the appellant "indefinitely" from and after the 25th day of August, 1905, and that this was in effect an awarding of them to her permanently or until they should become of age; and it is contended that the action of the trial court in awarding the children "until the further order of this court" is a disobedience of our mandate and that the same appears from the record without the statement of facts or bill of exceptions. Had the trial court awarded the children to appellant for the entire period of their minority, we do not think the effect

would have been other than it is under the order made. This is so for the reason that upon a showing to the court at any time of changed conditions necessitating, in behalf of the children's welfare, a change in the order of the court, the latter would have the power to modify its former order in so far as it affected the custody, control, and care, of said minors. In view of this fact and the absence of a statement of facts or bill of exceptions showing what took place before the trial court upon the hearing of appellant's application, we must affirm the order of that court. This decision, however, shall not be construed to prevent another application to the trial court for an allowance for the support, maintenance, and education of the children from and after December 1, 1905, the date of the making of said order.

MOUNT, C. J., DUNBAR, CROW, HADLEY, FULLERTON, and RUDKIN, JJ., concur.