# KNAPP v. KNAPP.

No. 4685.   Decided December 11, 1928.   (273 P. 512.)
Rehearing  Denied  January  7,  1929.

*Shobert & Hedrick* and *H. C. Allen,* all of Salt Lake City, for appellant.

HANSEN, J.

This is a proceeding involving conflicting claims of divorced parents to the custody of their two minor children, Henry George Knapp, who is now about 10 years of age, and Roger Michael Knapp, who is now about 6 years of age.

On March 12, 1924, the plaintiff, Claire M. Knapp, secured a divorce from the defendant, George J. Knapp. The decree of divorce granted to the plaintiff the care, custody, and control of the two minor children, issue of the marriage. Neither of the parties to this proceeding has brought up the records and files of the original proceeding, wherein the divorce was granted to the plaintiff.

Under date of July 19, 1926, the defendant, George J. Knapp, filed a petition in the district court of Salt Lake county, Utah, wherein he sought to have the original decree of divorce amended, so that the care, custody, and control of the minor children would be awarded to him. The record before us fails to disclose whether or not any hearing was had on the defendant's petition to amend the decree of divorce. It does appear that under date of August 31, 1926, the following written stipulation was entered into by counsel for the respective parties:

"Come now the parties hereto, by their respective attorneys of record, and stipulate and agree as follows: That the above-entitled court may make and enter a modified decree and judgment herein, whereby and whereunder the plaintiff shall be awarded the sole care, custody and control of Roger Michael Knapp, now 4 years of age, a minor child, issue of the marriage of plaintiff and defendant, and whereby and whereunder the defendant shall be awarded the sole care, custody and control of Henry George Knapp, issue of said marriage, now 8½ years of age."

The stipulation was signed by counsel for the respective parties and filed in the cause. The decree of divorce was amended as provided for in the stipulation. The amended decree was entered on August 31, 1926.

Under date of January 29, 1927, plaintiff filed in the cause a petition whereby she sought to have the amended decree of divorce amended, so that the care, custody, and control of the minor child Henry George Knapp be awarded to her. In her petition plaintiff alleged, in substance, that since the care, custody, and control of the minor child Henry

George Knapp was awarded to the defendant, he, the defendant, has remarried; that the child Henry George Knapp is constantly brought in close and intimate association with and is under the influence and direction of the wife of the defendant; and that such wife is not a fit or proper person to influence the thought, conduct, and character of the child. Complaint is also made that defendant and his wife are instilling in the child, Henry George Knapp, fear and dislike of the plaintiff, and that they use vile and improper language in the presence and hearing of the child.

The defendant answered plaintiff's petition and filed a cross-petition, wherein he asked that he be awarded the care, custody, and control of both Roger Michael Knapp, and Henry George Knapp. In his petition he alleged in substance that the plaintiff is not a fit and proper person to have the care, custody, and control of either of the minor children. Complaint is made in defendant's cross-petition because the plaintiff has married one Harry B. Campbell, and because Roger Michael Knapp is compelled to be in the same house and associated with Harry B. Campbell. It is further alleged:

"That the said Harry B. Campbell has, for many years last past, lived in part off the earnings of women; that he has for many years been the associate of so-called 'police characters' and panderers; that he is an habitual corrupter of women, and a contributor to juvenile delinquency to the extent and by reason of the fact that he has corrupted the mother of numerous small children, who have thereupon neglected their said children, and that, as such, he is wholly unfit to come into contact with the said Roger Michael Knapp, a child of 'tender' years.

"That the said Harry B. Campbell is a vicious person devoid of any redeeming qualities; that he is a thief, and that he has committed various criminal acts within recent years; that he is properly chargeable with adultery, bastardy (or, if not chargeable with bastardy, then with perjury), and several other crimes; that he lives by theft, chicanery, deceit, frauds, and, in a measure, off the earnings of women; that he is habitually dishonest; and that, though he has testified in this action that he is able to and expects to help support said minor child, he is what is commonly known as a 'deadbeat'; that he is an habitual liar, and lies as readily under oath as at any

other time; and that he has debauched and/or attempted to debauch numerous unmarried women and young, unmarried girls."

A demurrer was filed on behalf of the plaintiff to the foregoing quoted allegations upon the ground that the same are uncertain in that no facts were alleged. The trial court sustained the demurrer and ordered the above-quoted allegations stricken. Thereupon the defendant filed an amended answer and cross-petition. Defendant's amended cross-petition contains 10 pages of alleged misdeeds of Harry B. Campbell. It is alleged that Campbell has committed various enumerated felonies and misdemeanors. There is also attached to the defendant's amended cross-petition, as an exhibit, a list of 44 persons and corporations to whom it is alleged that Campbell is indebted for food, clothing, and shelter, in the total sum of $2,202.51. The plaintiff filed a motion to strike defendant's amended cross-petition. The motion was granted, and defendant's amended cross-petition was ordered stricken.

Thereafter defendant filed two additional affidavits as supplemental petitions. One of these supplemental petitions contains an allegation that:

"Harry B. Campbell is a lewd character and habitual criminal, * * * and that she [plaintiff] compels the said minor child, Roger Michael Knapp, defendant's son, to associate constantly with the said lewd character and habitual criminal."

Plaintiff denied generally the allegations of defendant, charging her with misconduct. It also appears that a motion to strike one of defendant's affidavits and supplemental petitions was filed on behalf of the plaintiff. The motion to strike, so far as appears, was not urged or passed upon.

Upon the issues thus joined a trial was had. The trial court made and filed written findings of fact and conclusions of law, and entered a decree in the cause. Both the defendant and the plaintiff were found to be fit and proper persons

to have the care, custody, and control of the minor children. The decree left the custody of the children where they were before the hearing was had. Thus the plaintiff retained the care, custody, and control of Roger Michael Knapp and the defendant retained the care, custody, and control of Henry George Knapp. The defendant prosecutes this appeal from the decree thus rendered.

Appellant has 13 assignments of error founded upon the order of the trial court in striking part of his cross-petition and the whole of his amended cross-petition. It is earnestly urged that defendant was entitled to show ■ that plaintiff was permitting the minor child, Roger Michael Knapp, to associate with Harry B. Campbell during the time said child was under the care, custody, and control of the plaintiff; also that the character of Campbell was such that his association with the minor child would adversely affect the child's moral welfare.

We are clearly of the opinion that the moral surroundings into which the plaintiff placed the child awarded to her custody is a proper subject of inquiry. It is equally clear that the character of the persons that Roger Michael Knapp was compelled or permitted to associate with during the time he was in the custody of the plaintiff should be inquired into, in so far as it may affect the moral welfare of the child. The following cases cited by counsel for appellant support such view: *West* v. *West*, 94 Mo. App. 683, 68 S. W. 753; *Bush* v. *Bush* (Tex. Civ. App.) 103 S. W. 217; *Cohn* v. *Scott*, 231 Ill. 556, 83 N. E. 191, 121 Am. St. Rep. 342; *Kentzler* v. *Kentzler*, 3 Wash. 166, 28 P. 370, 28 Am. St. Rep. 21; *In re D'Anna* (Appeal of Thompson) 117 N. C. 462, 23 S. E. 431; *Shallcross* v. *Shallcross*, 135 Ky. 418, 122 S. W. 223; *Smith* v. *Frates*, 107 Wash. 13, 180 P. 880; *Blid* v. *Blid*, 82 Neb. 294, 117 N. W. 700; *Haire* v. *McCardle*, 107 Ga. 775, 33 S. E. 683.

We are unable to see, however, why the pleadings before the court at the time the trial was had do not admit of such proof. The affidavits of the defendant filed as a supplementary petition, allege what the defendant claims was the

nature of the character of Harry B. Campbell. While the plaintiff, through her attorney, filed a motion to strike the allegations of the supplementary petition respecting the character of Harry B. Campbell, it is clear that the trial court regarded the supplemental petition as a part of the pleadings when the hearing was had. The court, at the beginning of its findings of fact and conclusions of law says:

"The petition of plaintiff, praying for the restoration to her of the custody of the minor child of said parties, Henry George Knapp, and the amended answer and cross-petition of said defendant, praying that he be awarded the custody of the minor child of said parties, Roger Michael Knapp, with the additional and supplemental pleadings of the parties, came on regularly to be heard before the court on, * * *" etc.

The same language is used at the beginning of the decree appealed from. The defendant was therefore not prejudiced by the fact that certain allegations which he had theretofore made in his former pleadings were ordered stricken. We further remark that many of the allegations contained in the former pleadings were improper, and the trial ■ court was justified in ordering the same stricken. It would serve no useful purpose, to here point out those allegations which were improper. Suffice it to say that the pleadings before the court, and upon which trial was had, were sufficiently broad to admit of all material proof touching the character of Harry B. Campbell, so far as is shown by the record.

Five of appellant's assignments of error are founded upon the alleged failure of the trial court to receive evidence which appellant claims was offered affecting the character of Harry B. Campbell. The bill of exceptions before us does not contain what purports to be a single question asked any witness. Nor does it contain the substance or form of any question that was asked any witness. If any exception was taken to any ruling of the trial court upon the admission or rejection of any evidence, it is not made to appear by the bill of exceptions. The only reference to the evidence offered

at the trial, contained in the bill of exceptions, is the following recital:

"That * * * the said cause came on for hearing upon said pleadings, and, because said matters regarding said Harry B. Campbell, and as shown by the said motion to strike, had been stricken from said amended answer and cross-petition, this court sustained all objections to the introduction of any evidence regarding the said allegations."

It is elementary that evidence is properly received only when it tends to support or controvert some pleading which is before the court at the time of the trial. So far as appears, the defendant was not denied the right to introduce evidence in support of the allegations contained in his supplemental petition, wherein it is alleged that Harry B. Campbell is a lewd character and habitual criminal, and that the minor child, Roger Michael Knapp is compelled to associate with Campbell. Before a party to a civil proceeding is entitled to have a reviewing court pass upon any claimed error in the admission or rejection of evidence, it must appear that exception was taken to the court's ruling. So far as appears in this record, no exception was taken by the defendant to any ruling of the trial court upon the reception or rejection of any evidence during the course of the trial.

It is made to appear that a hearing on an order to show cause why the defendant should not be punished for contempt was had on June 6, 1927. At that time the learned trial judge, upon his own motion, appointed an attorney to represent the defendant. Such order is assigned as error by defendant. It is here contended that defendant was denied the constitutional right to present his cause in person. The circumstances that impelled the court to make the order of appointment do not appear. It is not made to appear whether the defendant did or did not resist the appointment when made. So far as appears, counsel so appointed rendered able and valuable services, without any

objections by the defendant. Apparently the defendant was not adjudged guilty of contempt. The assignment is without merit, so far as appears from the record filed in this court.

Appellant also urges that the trial court erred in awarding the care, custody, and control of Roger Michael Knapp to the respondent. As heretofore stated, none of the evidence is brought up for review. In such case obviously we cannot say that the evidence does not support the findings of fact. The conclusions of law are supported by the findings of fact, and the decree is likewise supported by both the findings of fact and conclusions of law, in so far as any claimed error prejudicial to the appellant is concerned.

The respondent has in person filed a brief. In her brief she asks that the appeal be dismissed, or, if this court shall assume jurisdiction of the cause, that an order be made requiring the defendant to bring up the entire record, and that she be awarded the care, custody and control of both children. She contends that the trial court should have awarded her the custody of both children, as provided by Comp. Laws 1917, § 3004, which reads:

"In the case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care, control, and custody of all such children: Provided, that if any of said children have attained the age of twelve years and are of sound mind, such children shall have the privilege of electing to which of the parents they will attach themselves: Provided further, that if it shall be made to appear to a court of competent jurisdiction that the mother is an immoral or otherwise incompetent or improper person, then the court may award the custody of said children to the father or make such other order as may be just."

Even if it should be conceded that the plaintiff is correct in her contention that as a matter of law, under the facts found by the trial court, she is entitled to the care, custody, and control of both children, such question is not before us for review. She has not cross-appealed from the decree. She has not assigned any error. The evidence

taken at the trial is not before us. Under such circumstances this court may not properly grant the plaintiff the relief prayed.

The decree is affirmed. Respondent is awarded her costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.