IN THE MATTER OF THE APPLICATION OF JAMES K. WOOD, FOR A WRIT OF HABEAS CORPUS.—231 SW (2) 882.

Springfield Court of Appeals.   July 13, 1950.

T. J. Ramey, L. Clark McNeill, Miller & Fairman, for Petitioner.

PER CURIAM.

This is an original proceeding in habeas corpus. Petitioner, James K. Wood, seeks to obtain custody of his two minor children, James Ronald Wood, age three years, and Donald Ray Wood, age ten months. Respondent, Louise Wood, is the mother of said children.

The petition for writ of habeas corpus was filed in this court June 23, 1950, and is in the usual form. The petitioner bases his right to the custody of said children on a judgment rendered in the District Court of Hopkins County, Texas, May 10, 1950, in which petitioner was granted a divorce and custody of said children.

A writ of habeas corpus was granted by order of this court commanding respondent to produce James Ronald Wood and Donald Ray Wood before the Springfield Court of Appeals, in the Woodruff Building, on the 7th day of July, 1950, at 10:00 o'clock A. M., to be dealt with according to law.

On July 7th, 1950, respondent, hereinafter called the defendant, filed her return to said writ of habeas corpus. The return stated:

1. That respondent has legal custody and control of the children in question and resides in Howell County, Missouri, within the jurisdiction of this court.

2. That an action for divorce was instituted in the District Court in the State of Texas wherein petitioner was plaintiff and respondent was defendant; that a purported judgment was rendered in said divorce cause, May 10th, 1950, and care and custody of said children was granted petitioner. It states that respondent, on the date of judgment, resided in the State of Missouri and said children were with her and

that they were not in the jurisdiction of the District Court of the State of Texas, and respondent is not in a position to deny or affirm the jurisdiction of the Texas court over the persons and subject matter of such action and calls for strict proof.

3. The return denies each and every other allegation contained in the writ except that the children are within the jurisdiction of this court.

4. The return states that prior to the time respondent left the state of Texas with the children, petitioner and members of his family had, on occasion, made threats of bodily harm toward respondent and, on one occasion, petitioner assaulted one of the attorneys for respondent; that, by reason of these facts, respondent had reason to believe and did believe that petitioner and members of his family would carry out such threats and respondent was in danger of great bodily harm. The return states that an application for habeas corpus was, by petitioner, filed in Howell County, Missouri, and a writ of habeas corpus issued by such court and that petitioner threatened to take the children by force from custody of respondent and forcibly remove them to the state of Texas.

5. The return states that, at the time the divorce action was pending in the State of Texas, petitioner was in the armed forces of the United States but has been discharged since May 10, 1950, and now is located in Texas. It states that if petitioner is granted custody of the children, it is his intention to take them to a farm in Texas where there is no well or water or any modern conveniences, except water transported from a distance and respondent believes that the lives and health of the children will be endangered thereby and all this by reason of the changed conditions coming into existence since May 10th, 1950.

6. The return then states that respondent is in a position to give said children a good, healthful home in a good moral surrounding and that it is to the best welfare of said children to leave them with respondent because of the changed conditions since May 10th, 1950, as set out in the return.

7. The return states that by reason of the threats and conduct of the petitioner and members of his family, respondent believes that her life will be in jeopardy and danger if she is forced to return to Texas to regain the possession of her children and then asks this court for an order that she be given the absolute care, custody and control of said children.

On July 12th, 1950, petitioner, hereinafter called plaintiff, filed answer to the return made by defendant. The answer admits the children are presently under the control of the defendant but denies they are in her legal custody and legal control and denies said children reside in Howell County, Missouri.

The answer states that plaintiff was granted a divorce and custody

of said minor children by the District Court of the County of Hopkins, State of Texas, on May 10th, 1950, and that said judgment is legal in every respect; that the court had jurisdiction of the defendant and the children at the time the judgment was entered.

It states that plaintiff does not have information as to where defendant was on the 10th day of May, 1950, but that her domicile remained in Hopkins County, Texas at that time.

The answer reaffirms the allegations contained in the writ and the truth thereof.

It admits that an application was made by plaintiff for writ of habeas corpus in the Circuit Court of Howell County, Missouri, and denies the other allegations contained in paragraph 4 of the return.

It denies that plaintiff was a member of the armed services May 10th, 1950, or at any time since that time and states plaintiff was discharged from the armed services prior to May 5th, 1950, which fact was shown in the divorce proceeding in Texas.

It denies that the lives and health of the children will be in any way endangered if custody is granted to him and denies that there has been any change in the conditions from the date of the divorce decree, and, if there were any changed conditions, such conditions are unimportant and not sufficient for modification of the decree of divorce and then states that all facts alleged in paragraph 5 of the return were before the Texas court when the divorce decree was rendered, which facts are shown by a duly authenticated record of the divorce proceedings in the state of Texas filed in this court with the petition for writ of habeas corpus.

The answer states that defendant fails to come into this court in good faith as shown by her conduct before the District Court of Texas in absconding with the children and that the present custody of defendant and her changed domicile is unlawful.

The answer denies that defendant would be able to give said children a good, healthful home with good moral surroundings if she were granted custody of said children and denies that it would be for the best welfare of the children and the answer further denies that there are changed conditions since the rendition of the Texas decree, May 10th, 1950.

The answer denies the allegations in the return in paragraph 7 and states that said allegations are irrelevant and do not prove or disprove the issues in the case.

The answer states that plaintiff is entitled to the care and custody of the children in question by virtue of the final decree of divorce and custody of the children granted on the 10th day of May, 1950, which decree became final May 29th, 1950, and is recorded in the records of the District Court of Hopkins County, Texas; that the Texas court is a court of record and given exclusive jurisdiction in suits for divorce; that said judgment is final by reason of the expiration of the term of

court at which it was rendered and that defendant did not take necessary steps to perfect an appeal therefrom as provided by the laws of Texas.

On July 13th, 1950, plaintiff filed a motion to strike defendant's return and asked discharge of children to plaintiff. The grounds for said motion were:

"1. Said Return does not state facts which sufficiently constitute grounds for retention by respondent of the two children involved in this action, James Ronald Wood and Donald Ray Wood, in the custody 'and control of said Louise Wood,' and, in fact show instead her custody to be unlawful and illegal.

"2. Said Return is not made in accordance with Section 1605, R. S. Mo. 1939, because it does not state under what authority she retains custody of the two children involved, heretofore mentioned."

It is unnecessary for us to set out in detail plaintiff's motion to strike defendant's return but we will call attention, in this opinion, to the essential objections made in said motion.

On July 13th, 1950, defendant filed in this court an amended return, which amended return is the same as the return made by defendant except as to paragraph 4, which paragraph in the amended return reads as follows:

"4. Respondent for further return to such writ states that subsequent to the 10th day of May, 1950, Petitioner has become addicted to open and notorious use of intoxicating liquors; has been associating with persons of bad repute; has had public fights upon the streets; has been in an automobile accident while in the company with a man of bad moral reputation; that he is permitting persons of bad reputation and bad moral character to visit and stay in the home where the children are to be taken if turned over to such Petitioner. Respondent further states that the Petitioner, since the 10th day of May, 1950, has made threats toward Respondent and threatened to do her great bodily harm and has threatened to take the children away from her without due process of law, and Respondent has reason to believe and does believe that if such children are permitted to be taken to the State of Texas in the custody of the Petitioner, that Petitioner will take them into the home where such immoral persons are living or associating with Petitioner."

Upon oral motion, made at the hearing, this court struck out the amended return for the reason that the court believed defendant was in possession and had knowledge of such facts alleged in said amended return at the time the return was filed; that since plaintiff and his attorneys were required to come from the State of Texas and if such amended return were permitted, it would delay the decision of this case in order that testimony could be taken in the State of Texas, and this court found that there were not sufficient reasons for this late amendment and ordered it stricken.

We here state such facts as we believe are necessary to a decision of the issues involved.

At the time of the filing of the petition and application for the writ herein, plaintiff filed with this court a duly authenticated transcript of the record of the proceedings had in the District Court of Hopkins County, Texas, in a divorce action instituted by plaintiff against the defendant.

This evidence shows that the District Court of Hopkins County, Texas, a court of general jurisdiction in divorce matters, rendered a judgment May 10th, 1950, awarding plaintiff a divorce from the defendant and care and custody of the minor children involved herein. The record shows that this judgment, so rendered by the District Court of Hopkins County, Texas, became final on May 29th, 1950; that no appeal was taken by the defendant from said judgment. The record shows that at the hearing in the divorce action, defendant was present with the minor children in question in court, was represented by attorneys and took part in said trial, introducing evidence. The record shows that the court, when it adjourned its hearing on the day before the rendition of the judgment until the day following, permitted the defendant to take custody of said children upon her promise in court that she would not take. the children outside the jurisdiction of the court and that she would have them present in court on the following day. The record shows that the defendant took the children, pending the hearing therein, and fled from the state of Texas to the state of Missouri; that her attorney appeared on the day following, at the trial, and informed the court that his client, the defendant herein, together with said minor children were absent and made a statement to the court that it was the first time he had ever had a client leave the court. The record shows that this defendant went on the witness stand and, under oath, testified that if the court would trust her with the children she would not leave the jurisdiction of the court and she would have them present on the next day at the hearing. The District Court finished the hearing of the case and granted plaintiff a divorce and awarded to him custody and care of the minor children involved in this suit.

We have examined the record of the testimony offered in the District Court of Texas to determine whether or not the trial court was justified in rendering the judgment in the divorce action.

This testimony shows that the plaintiff was 21 years old at date of trial; that he had spent five years in military service; that he finished his High School training in Sulphur Springs, Texas, Hopkins County. The evidence shows he was born and reared near said town.

The testimony shows plaintiff was in the armed service six months before he was married, to-wit, on the 21st day of September, 1946. At the time of the marriage, defendant was 17. The testimony shows

there were born to this marriage two children, James Ronald and Donald Ray.

Plaintiff was a staff sergeant in the army. Plaintiff had enlisted for 3 years and intended to come back and go to Texas A. & M. College; that he had had vocational agriculture in Houston and had been made president of the Future Farmers and had gotten a farm degree. He stated he entered the army in order to get the government to finance his schooling in the A. & M. College.

The evidence shows that at the end of three years, plaintiff was honorably discharged. He stated that at that time there was a divorce action pending and his wife came to him and stated if he would re-enlist she would come back to him and that was the basis of his re-enlistment.

The witness stated he had trouble with his wife in San Antonio; that she worked in a ball stadium where they sold beer and the only way he could get along with her was to let her keep this job; that he had to stay home and take care of the baby at nights while she worked.

The evidence shows that in November, 1947, plaintiff was in charge of the sales store, which is a super-market, doing from $40,000 to $60,000 worth of business per month.

Plaintiff testified that he was forced to file a divorce action while he was stationed at Wichita Falls in order to see his baby. He stated that at that time he was convinced defendant was associating with other men, particularly soldiers. He stated, after his reconciliation with defendant, he established a home for her at Burkburnett, which is near Wichita Falls, and eight miles from the field where plaintiff was located.

The evidence shows that plaintiff purchased a four-room home, paid $500.00 on the purchase price and was obligated to pay $65.00 per month; that after the purchase of this home he was transferred for duty in Alaska. He stated he noticed on New Year's Eve before he left that one, Shelly, was paying attention to his wife.

The evidence shows a part of the house was leased out to a member of the army and his wife and three children.

The testimony then shows, by a number of witnesses, that from the 26th day of February until the 14th of April, the defendant was continually going out at nights, leaving her children with others, and associating with this soldier named Shelly; that she would bring Shelly to her room in the early hours of the morning; that he would stay all night at her home, in her room; that one of the witnesses saw him kissing her; that she would have big parties and get drunk. The evidence was sufficient for the trial court to have found that the defendant was an unfit person to have the care and custody of the children. This testimony was from witnesses who lived in the house with defendant and from witnesses who were in taverns visited by the defendant and Shelly. The testimony shows that plaintiff's father noti-

fied him of defendant's conduct and that on the afternoon of the 14th day of April, he left Fairbanks, Alaska for home, arriving at Great Falls, Montana on April 15th, from which place he came on home. Plaintiff states he found his wife in Terrell, Oklahoma, and at the time she had the children hid at a different place and refused to inform plaintiff where they were.

The testimony shows plaintiff persuaded defendant to come back to Texas with the children so he could bring an action for the custody of his children.

Defendant testified and denied the allegations of her infidelity and it was during the trial that she promised the court to have the children present on the next day provided he would permit her to retain custody of them and she fled with them to Missouri.

The testimony shows that her step-father and mother lived at Salem, in Dent County, Missouri.

We find that plaintiff's motion to strike defendant's return and to discharge the children to plaintiff should be sustained.

The judgment of the District Court, Hopkins County, Texas, rendered May 10th, 1950, granting to plaintiff, the petitioner herein, a divorce and awarding him care and custody of the minor children, was a valid judgment. The facts show the court had jurisdiction of both the subject matter and the parties.

Under the law in Missouri the judgment of a foreign state is entitled to full faith and credit unless it be subject to impeachment for fraud in the procuring thereof. Ex Parte Schultz, 237 Mo. App. 1107, 180 S. W. (2d) 613.

In Ex Parte Lofts, (Mo. App.) 222 S. W. (2d) 101, 107, we quote the following law:

"It is admitted that the Superior Court of the State of California, County of Joaquin, had jurisdiction of the petitioner, called the plaintiff herein, and of the respondent, Dickie E. Lofts, and of the child, Roy Lofts, at the time of the rendition of the interlocutory decree of divorce on January 10, 1949. Under the law in this state, as laid down in the case of In re Leete, 205 Mo. App. 225, 223 S. W. 962, 966, a foreign judgment fixing the rights of parents to the custody of minor children of the marriage on granting divorce is conclusive in another state, under the full faith and credit clause of the Federal Constitution, Article 4, Sec. 1, as to matters arising up to the time of rendition. In this opinion the court says: 'At the outset we are confronted with the question as to the effect to be given to the decree of the superior court of Massachusetts, of November 19, 1918, as modified by the decree of that court of December 12, 1919. There is some conflict of authority in regard to the extra-territorial effect of a judgment or decree awarding the custody of children upon a divorce of their parents. However, the general rule, supported by the great weight of authority, appears clearly to be that, if a judgment or decree touching

the custody of children is rendered by a court of competent jurisdiction in one state, such court being possessed of jurisdiction of both the subject-matter and the parties, such judgment or decree is res adjudicata as to all matters occurring up to the date of the rendition thereof, and is entitled to full faith and credit in any other state of the Union, unless it be subject to impeachment for fraud in the procuring thereof.'''

In examining the defendant's return herein, she first states that she has in her legal custody and under her legal control, her two children. We hold that this allegation is a mere conclusion of law and should be stricken. The facts show that the defendant illegally took these children from the jurisdiction of the District Court in Hopkins County, Texas, and there is now a warrant for the arrest of the defendant on a charge of contempt from said court. She is not in legal custody of said children because, under the order of the Texas court, the legal custody of said children was placed in plaintiff.

We agree with plaintiff that the allegations in the return of defendant in paragraph 2 should be stricken.

In this paragraph the return denies the jurisdiction of the Texas court. It is clear there is no merit in this contention. The return practically admits the jurisdiction of the Texas court.

We agree with the plaintiff that paragraph 4, on pages 1 and 2 of defendant's return, should be stricken. This paragraph states that plaintiff and members of his family, on occasion, made threats of bodily harm toward defendant and that plaintiff had assaulted one of defendant's attorneys and that, because of such threats, defendant is in danger of great bodily harm. We think that such matters are immaterial to the issues involved in this case. They were matters properly before the District Court of Texas, at the time the divorce judgment was rendered, and are adjudicated.

Then, in this paragraph the return states that plaintiff made application for writ of habeas corpus in Howell County, Missouri. This allegation does not show that there is now pending an application for writ of habeas corpus in the Circuit Court of Howell County and, therefore, does not plead a defense.

We agree with plaintiff that unnumbered paragraph 6, on page 2 of defendant's return should be stricken. In this paragraph the return states the defendant and her family are residents of the State of Missouri, and, if the children are left with defendant, she is in a position to give such children a good, healthful home, in good moral surroundings, and it is to the best welfare of such children by reason of the changed conditions since May 10, 1950, that the control of the children be given defendant.

These allegations do not constitute a defense against plaintiff's application wherein he pleads a valid judgment of another state, giving to him legal custody of said children.

We must give full faith and credit to the judgment of the Texas court unless it be shown that the plaintiff has been guilty of such conduct since the rendition of said judgment as to make him an unfit person to have the custody of said children, or unless it be shown that said judgment was acquired by fraud. We think the record before us clearly shows not only that plaintiff is a proper person to have the custody of the children in question, but we think that the record shows that the defendant is not in court with clean hands. She is a fugitive from the jurisdiction of the District Court of Texas, wherein the custody of these children was passed upon. There is a warrant from said court for her arrest for contempt. The record shows that she was guilty of fraud upon the court in Texas; that she deceived the court by promising, under oath, to keep the children within the jurisdiction of that court. Therefore, this court could not hold that these children are in the hands of a good, moral person when they are in the hands of the defendant. The record testimony of the trial of the divorce case, now on file in this court, refutes any argument that the defendant is a good, moral woman.

This is a law action but, under the great weight of authority, we try it as an action in equity; and, because of the conduct of the defendant in deceiving the trial court of a sister state and the fraud perpetrated by her upon that court in taking the children out of the jurisdiction of said court, we find there is no equity in the case.

We agree with plaintiff that paragraph 7, pages 2 and 3 of defendant's return, should be stricken. The facts pleaded therein were adjudicated by the trial court in Texas and we hold that the threats and conduct made by the plaintiff and his family, which defendant says are reasons for her to believe that her life would be in jeopardy if she were compelled to return to the state of Texas to regain possession of her children, are matters not supported by any facts. We have no reason to believe that the great state of Texas will not protect its citizens who come into its courts for relief.

We also agree with plaintiff that unnumbered paragraph 8, on page 3 of defendant's return, should be stricken. There are no facts pleaded in this paragraph to justify this court in finding that the judgment of the District Court of Texas is invalid and that we should not give full faith and credit thereto.

There is no merit in the contention of the defendant that the children were not within the jurisdiction of the Texas Court when that court rendered judgment granting custody of the children to plaintiff. It is admitted that the defendant had custody of and the possession of said children and was domiciled within the state of Texas at the time she was served with process in the divorce case and that she entered her appearance generally in said cause and participated in said trial giving the court jurisdiction over both the person and subject matter in the action and, therefore, the judgment was binding regardless of

where the minor children were when it was rendered.   Beckmann v. Beckmann (Mo. App.) 211 S. W. 2d 536, 540.

In 25 Am. Jur. Sec. 80, page 204, the following law is stated:

"It should be observed that as a general rule, where the writ is prosecuted for the purpose of determining the right to the custody of a child, the inquiry extends far beyond the issues that ordinarily are involved in a habeas corpus proceeding.   The controversy does not involve the question of personal freedom, because an infant, for humane and obvious reasons, is presumed to be in the custody of someone until it has attained its majority.   The court, in passing upon the writ in a case involving the custody of a child, deals with a matter of an equitable nature; it is not bound by any mere legal right of parent or guardian, but is to give his or her claim to the custody of the child due weight as a claim founded on human nature and generally equitable and just.   Therefore, these cases are decided not upon the legal right of the petitioner to be relieved from unlawful imprisonment or detention, as in the case of an adult, but on the court's view of the best interests of those whose welfare requires that they be in custody of one person or another; and hence, a court is in no case bound to deliver a child into the custody of any claimant or of any person, but should, in the exercise of a sound discretion, after a careful consideration of the facts, leave it in such custody as the welfare of the child at the time appears to require.   In short, the child's welfare is the supreme consideration, irrespective of the rights and wrongs of its contending parents, although the natural rights of the parents are entitled to due consideration."   Ex Parte Badger, 286 Mo. 139, 226 S. W. 936.

We find that the best interest and the welfare of the minor children in this case will be best protected in the hands of their father; that the conduct of the defendant, the mother of the children, as shown by the record in this case, was such as to deprive her of the right of her children.   We find no reason to believe that these children will not be duly protected by the courts of the state of Texas and that the rights of these parents to the custody of said children will not safely be protected therein.   No facts are pleaded in the defendant's return which constitute a defense to the plaintiff's petition for a writ of habeas corpus herein.

It is the order and judgment of the court that James Ronald Wood and Donald Ray Wood be delivered unto the petitioner, James K. Wood, and discharged from the custody of the respondent, Louise Wood.